(October 9, 1915.)

# W. E. WILSON, Respondent, v. OREGON SHORT LINE RAILROAD COMPANY, Appellant.

[152 Pac. 1062.]

LIABILITY OF RAILROAD COMPANY FOR KILLING STOCK—NEGLIGENCE AND CARELESSNESS MUST BE ALLEGED AND PROVED—FAILURE TO KEEP BOOK PROVIDED IN SEC. 2819, REV. CODES, NOT ALONE SUFFICIENT TO CREATE ABSOLUTE LIABILITY.

1. A railroad company cannot be held liable for killing or maiming animals upon its right of way where the plaintiff fails to allege and by competent evidence prove negligence or carelessness on the part of said railroad company, its officers, agents or employees, in or about the running of its engines or cars, although it may affirmatively appear that said railroad company failed or neglected to keep a book, at its principal station in the county into or through which its road runs, containing a description as nearly as may be of such animals killed or maimed by it for the inspection of the public.

2. A railroad company cannot be held liable for the killing or maiming of animals upon its right of way, where the complaint fails to allege, and the plaintiff by competent evidence fails to prove, such negligence or carelessness on the part of said railroad company as would create a legal liability; and in the absence of proof of negligence or carelessness on the part of such railroad company, the plaintiff cannot recover.

3. *Held*, under the facts in this case, plaintiff's complaint failed to state a cause of action, and the court erred in overruling appellant's demurrer.

APPEAL from the District Court of the Fourth Judicial District in and for Elmore County. Honorable C. O. Stockslager, Judge.

Action to recover under sec. 2819, Rev. Codes, double damages for animals killed by railroad company. Judgment for plaintiff. *Reversed.*

H. B. Thompson, for Appellant.

Sec. 2819, Rev. Codes, is unconstitutional in that it establishes a rule of absolute liability for twice the value of the

animals regardless of any question as to negligence, contributory negligence or the circumstances of the killing. (*Jolliffe v. Brown,* 14 Wash. 155, 53 Am. St. 868, 44 Pac. 149; *Little Rock & F. S. R. Co. v. Payne,* 33 Ark. 816, 34 Am. Rep. 55; *Gulf etc. R. Co. v. Ellis,* 165 U. S. 150, 17 Sup. Ct. 255, 41 L. ed. 667; *St. Louis, I. M. & S. R. Co. v. Gibson* (Okl.), 150 Pac. 465.)

"The state cannot require a railroad corporation to carry persons or property without reward; neither can it do that which in law amounts to a taking of private property for public use without just compensation, or without due process of law." (*Chicago, M. & St. P. R. Co. v. Minnesota,* 134 U. S. 418, 456, 10 Sup. Ct. 462, 33 L. ed. 970, 980; *Board of Commrs. of Howard County v. Pollard,* 153 Ind. 371, 55 N. E. 87; *Board of Commrs. of Clay County v. McGregor,* 171 Ind. 634, 87 N. E. 1, 17 Ann. Cas. 333; *Dane County v. Smith,* 13 Wis. 585, 80 Am. Dec. 754.)

W. C. Howie, for Respondent.

The state has a right to impose penalties for the violation of any of its police regulations, and it is immaterial whether the penalty is made payable to the state as a criminal penalty or whether it is payable to some individual who may be more injured than the general public by reason of such failure. (8 Cyc. 1043, 1047, 1069, 1076, 1100.)

It is not for the purpose of assisting the injured party in collecting the debt, but a penalty against the railroad for violation of a statute. (*Efland v. Southern Ry. Co.,* 146 N. C. 135, 59 S. E. 355; *Morris-Scarboro-Moffitt Co. v. Southern Exp. Co.,* 146 N. C. 167, 59 S. E. 667, 15 L. R. A., N. S., 983; *Platte & Denver C. & M. Co. v. Dowell,* 17 Colo. 376, 30 Pac. 68; *Seaboard Airline Ry. Co. v. Seegers,* 207 U. S. 73, 28 Sup. Ct. 28, 52 L. ed. 108; *Minneapolis & St. L. Ry. Co. v. Emmons,* 149 U. S. 364, 13 Sup. Ct. 870, 37 L. ed. 769; *Minneapolis & St. L. Ry. Co. v. Beckwith,* 129 U. S. 26, 9 Sup. Ct. 207, 32 L. ed. 585; *Missouri Pac. Ry. Co. v. Humes,* 115 U. S. 512, 6 Sup. Ct. 110, 29 L. ed. 463; *Fidelity Mutual Life Assn. v. Mettler,* 185 U. S. 308, 22 Sup. Ct. 662, 46 L. ed. 922;

*Atchison, T. & S. F. Ry. Co. v. Matthews,* 174 U. S. 96, 19 Sup. Ct. 609, 43 L. ed. 909.)

The supreme court of Idaho has sustained all these matters in the cases of *Walling v. Bown,* 9 Ida. 184, 72 Pac. 960; affirmed by U. S. supreme court in 204 U. S. 320, 27 Sup. Ct. 292, 51 L. ed. 499–503; *Mullen & Co. v. Mosely,* 13 Ida. 457, 121 Am. St. 277, 90 Pac. 986, 12 L. R. A., N. S., 394, 13 Ann. Cas. 450; *State v. Dolan,* 13 Ida. 693, 92 Pac. 995, 14 L. R. A., N. S., 1259; *Thompson v. Wise Boy Mining etc. Co.,* 9 Ida. 363, 74 Pac. 958.

BUDGE, J.—This is an action prosecuted by the respondent to recover double the value of certain animals killed by being struck by appellant's railroad train at various times during the years 1910 and 1911, in Elmore county.

There are seventeen separate causes of action alleged in respondent's complaint, each of which is the same with the exception of time, description, age, value and color of the animals killed, and the first alleges substantially as follows: On or about the 11th day of November, 1910, at a point between mile posts 388 and 389 of appellant's railroad in Elmore county, the defendant, by means of its engines and cars operated by its agents and employees, ran said engines and cars against and killed one two-year-old red heifer of the value of forty ($40) dollars, the property of the plaintiff, thereby damaging plaintiff in the sum of $40. That the same was not caused by any act or laches of plaintiff.

That defendant has at all times failed to keep a book at a principal station or at any station in said Elmore county, as provided by sec. 2819, Rev. Codes, and has at all times wholly failed to file with the recorder of said Elmore county a notice of the station so designated, or to designate any station where any such book would be filed, or to record with the county recorder of said county any notice of where any such book would be found; and wholly failed to cause to be entered, and there was not entered in any such book within fifteen days after the killing of such animal, nor at any other time, the description of such animal, its color, age, marks, brands

or any description whatever of said animal; and wholly failed to keep any such book subject to public inspection, to plaintiff's great damage.

To each of the seventeen separate causes of action the appellant filed a separate demurrer. The first, after entitling the court and the cause, is as follows:

Comes now the defendant and demurs to the complaint on file herein and for ground of demurrer alleges: First, that said complaint as a whole does not state facts sufficient to constitute a cause of action; second, that the said so-called first cause of action therein contained does not state facts sufficient to constitute a cause of action; third, that the said complaint, and particularly paragraph 3, of said first cause of action is uncertain in that it cannot be ascertained therefrom in what respect the defendant company was careless or negligent in running or operating its engines or cars, thereby killing the animal described in said paragraph 3 of said first cause of action.

The demurrer was overruled; to which ruling of the court an exception was taken. Thereafter the appellant filed its answer admitting, by not denying, the killing of the animals; also admitting, by not denying, that the appellant railroad company failed to keep the book or record as required by sec. 2819, Rev. Codes.

The value of the cattle as proven upon the trial was $675. The court, under sec. 2819, Rev. Codes, awarded judgment in favor of the respondent for $1,350, being double the amount of the value. This case is here on appeal from said judgment.

This action was brought upon the theory that proof of the ownership of the animals, their value and the killing by the railroad company, coupled with the failure of the railroad company to comply with the provisions of sec. 2819, Rev. Codes, *supra,* renders the railroad company absolutely liable for double the value of such animals.

Sec. 2819, Rev. Codes, *supra,* provides: ''Every railroad company must keep a book at a principal station in each county into or through which its road runs, to be designated

by the company, and a notice of the station so designated must be filed with the recorder of the county in which the station is located; and every such company must cause to be entered in said book, within fifteen days after the killing or maiming of any animal, a description as nearly as may be of such animal, its color, age, marks and brands, and keep said book subject to public inspection. Should any company fail to keep such book, or to file such notice in the manner herein provided, or to enter therein such description of any animal maimed or killed, for a period of fifteen days thereafter, such company is liable to the owner of such animal for twice the value thereof.''

A railroad company cannot be held liable for the killing or maiming of animals upon its right of way where the complaint fails to allege, and the plaintiff by competent evidence fails to prove, such negligence and carelessness on the part of such company that would create a legal liability, and in the absence of proof of negligence or carelessness on the part of such railroad company, the plaintiff cannot recover.

In the case of *Little Rock & F. S. R. Co. v. Payne,* 33 Ark. 816, 34 Am. Rep. 55, the court, in passing upon a statute similar in many respects to the one we have under consideration, held that the failure to give notice does not impose or create the liability for an innocent act.

If the killing of the animals and the failure to keep the book create a conclusive presumption of negligence on the part of the railroad company, and fix its absolute liability, without regard to the possible contributory negligence of the owner or justification for the killing by the railroad company or whether the railroad company was required to fence its right of way at the place where the animals were killed or whether or not the killing was upon a public crossing, then the contention of counsel for respondent is correct, and a penalty in double the amount of the value of the animals can be inflicted upon the railroad company as was done in this case. We are, however, not in accord with this theory.

In our opinion it is the duty of the respondent to allege and prove by competent evidence either a statutory or common-law liability on the part of the railroad company in the killing of the animals described in his complaint, before the statutory penalty could in any event be invoked.

It was said in the case of *Jolliffe v. Brown*, 14 Wash. 155, 53 Am. St. 868, 44 Pac. 149, that "There is a broad distinction to be recognized between legislation requiring a party to pay actual damages occasioned, and that which would impose a penalty in addition thereto. Such legislation can be sustained only where the party on whom the penalty is imposed is in fault or guilty of a wrong."

The duty imposed upon the railroad company under sec. 2819, Rev. Codes, is the keeping of a book containing a description of the animals killed which book shall be subject to public inspection. The evident intention of the legislature by the enactment of this statute was to provide that the railroad company should furnish notice to the general public of the maiming or killing of livestock. But where the party has actual notice of the killing or maiming of his livestock, and the company is not legally liable therefor, we do not believe it was the intention of the legislature under such circumstances to inflict a double penalty upon a railroad company, irrespective of the fault of the owner in the killing of the animals, or the justification on the part of the railroad company. In such a case the keeping of the book would neither add to nor take from the liability of the railroad company.

If this were not true, a person might wilfully and wantonly drive his stock upon the railroad company's right of way, and by reason of his acts cause their destruction, and recover double their value; and likewise, if the animals were killed under circumstances in which the railroad would be justified—for instance, to save the lives of the passengers upon the trains.

It is not incumbent upon the defendant in such cases to establish by a preponderance of the evidence its want of liability, but the plaintiff must establish by a preponderance of the evidence that the defendant is liable before a penalty

of double the value of the animals killed can be assessed, even though sec. 2819, Rev. Codes, be constitutional. Penalties are imposed for wrongdoing, and one wholly innocent of a wrongful act should not suffer a penalty.

The respondent fails to allege in his complaint a cause of action, in that he does not allege carelessness or negligence of the railroad company in running or operating its engines or trains which resulted in the killing of said animals, its failure to fence its right of way, or any other act or acts of negligence or carelessness that would render it liable for the maiming or killing of those animals.

It therefore follows, without referring to or determining the constitutionality of sec. 2819, Rev. Codes, that the court erred in overruling the demurrers of the appellant.

The judgment below is reversed and the case remanded, with instructions to the trial court to sustain the demurrers. Costs are awarded to appellant.

Sullivan, C. J., and Morgan, J., concur.