10460

ROWELL, ADMRX., v. HINES, DIRECTOR GENERAL.

(103 S. E. 545.)

1. CARRIERS—PERSON ENTERING RAILROAD TRAIN AT USUAL PLACE PRESUMED PASSENGER.—When a train stops at the usual station for receiving and discharging passengers, and a person enters the coaches, he is presumed to be a passenger.

2. CARRIERS—PERSON HAS NO RIGHT TO ENTER PUBLIC CONVEYANCE FOR PRIVATE BUSINESS PURPOSES ALONE.—A person has no right as a matter of law to enter a public conveyance, such as a common carrier of passengers, for private business alone.

3. CARRIERS—THAT PERSON NOT PASSENGER WAS KILLED IN ATTEMPTING TO ALIGHT HELD NOT TO MAKE CARRIER LIABLE.—In an action for personal injuries, brought against a railroad company by one who had entered a passenger coach for the purpose of procuring one already therein to transact an errand for him, but did not intend to become a passenger himself, and was killed when attempting to alight, a complaint alleging such fact *held* properly dismissed on demurrer.

4. RAILROADS — DIRECTOR GENERAL CANNOT BE SUED FOR WILFUL INJURIES.—The Director General of Railroads cannot be sued for wilfulness.

5. PLEADINGS—CIRCUIT JUDGE DOES NOT HAVE TO GIVE REASONS FOR SUSTAINING DEMURRER.—The Circuit Judge need not give his reasons for sustaining demurrer.

6. APPEAL AND ERROR—TRIAL COURT SUSTAINED IF RIGHT ALTHOUGH REASONS WRONG.—The Supreme Court will sustain an order of the Circuit Court if its conclusions are right, and its reasons wrong.

Before BOWMAN, J., Jasper, November term, 1919.

Action by Sallie L. Rowell, as Admrx. of the Estate of James H. Rowell, Deceased, against Walker D. Hines, as

Director General of Railroads, Mike Rivers and Homer Archer. From order sustaining a demurrer to the complaint, the plaintiff appeals.

*Messrs. R. B. Herbert* and *H. Klugh Purdy,* for appellant, cite: *Condition of platform, etc., in violation of sec. 3269, 1 Civil Code 1912. Plaintiff's intestate was a licensee:* .57 S. C. 332; 35 S. E. 583. *Not contributory negligence as matter of law to step from a moving train:* 61 S. C. 345; 39 S. E. 543. *Allegations of wilfulness, and of breach of statutory duty, would carry case to jury:* 106 S. C. 129.

*Messrs. FitzSimons & FitzSimons,* for respondents, cite: *Mere designation of one as "passenger" or "licensee" does not fix relation, nor does calling an act "negligent" or "wilful" make it so, if facts alleged do not show them to be so:* 68 S. C. 98; 28 S. C. 388; 34 S. C. 62; 33 S. C. 217. *Custom does not give right to board or leave a moving train:* 66 S. C. 528. *Wide distinction between bare licensees and invitees:* 22 R. C. L. 929, sec. 174. *Cases involving invitees:* 57 S. C. 337; 65 S. C. 299; 69 S. C. 479. *Company owes no duty to bare licensee except after discovering his peril:* 4 R. C. L. 1050, sec. 501; 22 R. C. L. 929, sec. 173, p. 916, sec. 164. *Nonenforcement of orders against licensees, or failure to eject, does not amount to invitation:* 4 R. C. L. 1052. *Liable only for wilful and wanton injury:* 15 S. E. 81; 32 A. S. R. 859; 16 L. R. A. 271; 22 R. C. L. 918. *Accident due to deceased's own reckless and negligent act and demurrer properly sustained:* 80 S. C. 1; 58 S. C. 491; 64 S. C. 553; 72 S. C. 340; 72 S. C. 114. *Question of law for the Court:* 94 S. C. 145. *No inference of wilfulness from facts as alleged:* 81 S. C. 24. *Contributory wilfulness defeats wilfulness of defendant:* 109 S. C. 78; 80 S. C. 1; 72 S. C. 340; sec. 3269, Code 1912, repealed by 29 Stat 539.

*Mr. W. N. Heyward,* for respondent,. cites : *Negligence of deceased amounted to wilfulness:* 61 S. C. 170. *Facts as alleged susceptible of but one inference: question of law for Court:* 94 S. C. 155; 84 S. C. 139. *Darkness acted as warning to deceased:* 110 S. C. 331; 72 S. C..337. *One on railroad property on private business is licensee:* 131 N. W. 369; 4 R. C. L. 1050; 20 R. C. L. 916.

June 28, 1920.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an action for damages for $30,000, alleged to have been caused to plaintiff by the death of plaintiff's intestate, James H. Rowell, by negligence and wilfulness of the defendant. Defendant demurred to the complaint, upon the ground that it does not state a cause of action. The case came on for trial before Judge Bowman, and the demurrer was sustained and complaint dismissed. An appeal was taken from this order, and five exceptions impute error.

The complaint alleges that Rowell came to his death in the following manner:

"That he went upon the defendant's train while same was at the station for the purpose of communicating with his brother and another, and for the purpose of getting them to make purchases for him in Savannah, and that the train started forward and he in attempting to alight was killed; that Rowell's death was caused by the negligence and wilfulness of the defendant in failing to maintain a proper platform, proper lights, in having a sidetrack between the main track and the station blocked with box cars, and in maintaining the landing place in a rough, dangerous, and uneven condition, sloping towards the main track, and not level with the crossties, in violation of section 3269 of the Code of Laws of South Carolina for 1912."

Exceptions 1, 2, and 3 complain that his Honor erred in holding that Rowell was a bare licensee, and as a matter of law guilty of contributory negligence. The allegations of the complaint show that the train was at station to receive and allow passengers to get off and on. It nowhere alleged such facts as would allow Rowell to become a passenger. He did not board the train with intention to become a passenger, nor did he go to the train for the purpose of meeting a passenger, to put some one on the train as a passenger, but went on the train to see some one on there to get him to attend to some private errand. The railroad owned him no duty as a carrier of passengers. That relationship did not exist, and it was not contemplated that it would exist. The train was standing there, he went on it, not to become a passenger, but to attend to some private matter. The mere habit of an individual to board a train carrying passengers at a station, for the purpose of transacting its private affairs, cannot alter the law of carrier of passengers. When a train stops at the usual station for receiving and discharging passengers, and a person enters the coaches, he is presumed to be a passenger, and allowed to enter without objection. The railroad is not expected to have some one inquire of every person who enters a car whether or not he is a passenger. Such inquiry would be regarded as impertinence. A person has no right, as a matter of law, to go on a public conveyance, such as a common carrier of passengers, for private business purposes alone.

The allegations of the complaint show plaintiff boarded train for the purpose of attending to a private business transaction; the train moved off; he attempted to alight from a moving train and was injured. He did not have the right, as a matter of law, to board the train; he was not invited to either board or get off of the train; he did not go on to become a passenger; he did not go there to assist any one on the train; he did not go there to meet a

passenger, who was to arrive on the train. Under the alle-
gations of the complaint, his Honor was justified in sustain-
ing a demurrer and dismissing the complaint.

4        The Director General could not be sued for wilful-
ness.

A Circuit Judge does not have to give his reasons for
sustaining a demurrer; if he were asked, he would

5, 6     probably do so. This Court will sustain an order of
the Circuit Court, if its conclusions are right and its

reasons wrong.

All exceptions are overruled, and the judgment affirmed.