# 10459

## GINN *ET AL.* v. U. S. RAILROAD ADM'N *ET AL.*

### (108 S. E. 548.)

1. CARRIERS—IN SUIT FOR FORCING SICK PASSENGER TO WAIT FOR OPENING OF STATION, TIME OF OPENING HELD FOR JURY.—In an action for failing to open a station at the proper time, whereby a sick passenger was exposed to a hailstorm and made worse, conflicting evidence as to the time of opening the station *held* to require submission of the issue to the jury.

2. CARRIERS—FOR FAILURE TO OPEN STATION A REASONABLE TIME, INTENDING PASSENGER COULD RECOVER SOME DAMAGES.—For railroad's failing negligently or wilfully to open its passenger station a reasonable length of time before the arrival of a train as required by statute, an intending passenger can recover some damages, that is, actual damages, for loss of time or inconvenience.

3. CARRIERS—FOR FAILURE TO OPEN STATION, A SICK PASSENGER HELD TO HAVE NO HIGHER RIGHTS THAN A WELL PASSENGER.—While for railroad's failing negligently or wilfully to open its passenger station a

reasonable length of time before arrival of a train, as required by statute, a sick person intending to become a passenger can recover, the same as a well passenger, some damages, as for loss of time, inconvenience, etc., a sick passenger has no higher rights than a well passenger, in the absence of reasonable prior notice to the railroad that special care would be required.

4. CARRIERS—ON THE EVIDENCE, HELD, IT WAS ERROR NOT TO DIRECT VERDICT AS TO PUNITIVE DAMAGES FOR INJURY TO SICK PASSENGER.— In an action for failure to open a station, thereby exposing a sick passenger to the weather, held, on the evidence, that it was error not to direct a verdict for defendant as to punitive damages.

5. RAILROADS—DIRECTOR GENERAL NOT LIABLE FOR PUNITIVE DAMAGES FOR PERSONAL INJURY.—The Director General of Railroads, representing the government, cannot be held to respond in punitive damages in a passenger's action for injuries.

Before BOWMAN, J., Hampton, ———, 1919. Affirmed.

Action by Mrs. Verdi H. Ginn and her husband, W. R. Ginn against United States Railroad Administration, and Walker D. Hines, Director General of Railroads. From judgment for plaintiffs, defendants appeal.

*Messrs. F. B. Grier, J. W. Manuel* and *Randolph Murdaugh,* for appellants, cite: *Carrier is required only to maintain two good rooms of reasonable size with comfortable seats for passengers:* Code, vol. I, sec. 3266; Hutch. Carriers (3d Ed.), vol. II, sec. 992; 10 Corp. Jur. 645; 38 Am. St. Rep. 557; 97 Am. Dec. 578. *And such rooms must be kept open at reasonable hours:* Code, vol. I, sec. 3266. *In absence of notice carrier not expected to anticipate arrival of sick passenger:* 83 S. C. 415; Hutch. Carriers (3d Ed.), vol. II, sec. 992; 134 Am. St. Rep. 662. *Duty devolves upon relatives and friends to attend a sick passenger:* 97 Am. Dec. 478. *Negligence a relative term:* 21 S. C. 105.

*Mr. George Warren,* for respondents. Oral argument.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action to recover damages on account of the alleged negligence and wilful failure of defendant to open its station at Varnville at the proper time before arrival of afternoon train, on Sunday, February 9, 1919, to accommodate the plaintiff, Mrs. Ginn, who was being taken to a hospital at Charleston, she being sick, for treatment, and failure to furnish room and heat after waiting room had been opened; whereby it is alleged plaintiff was exposed to a hailstorm, that made her condition worse, by reason of the waiting room not being opened at the proper time. The case was tried before Judge Bowman, and a jury. At the close of the evidence the defendant made a motion for a directed verdict, both as to actual and punitive damages. This motion was refused and the case submitted to the jury, who returned a verdict in favor of the plaintiff for $1,000. After entry of judgment defendant appealed.

The exceptions are three in number. The exceptions 1 and 2 are:

(1) His Honor committed error in not directing a verdict in favor of the defendant, Walker D. Hines, Director General of Railroads, on the first ground submitted, to wit: "That there is no testimony tending to establish actionable negligence as a proximate cause of plaintiff's alleged injury" —the error being there was no testimony tending to establish any actionable negligence on the part of the defendant as the proximate cause of plaintiff's alleged injury.

(2) It was error in his Honor not to direct a verdict in favor of the defendant, Walker D. Hines, Director General of Railroads, on the second ground submitted, to wit: "That the testimony shows that the depot was open for a reasonable legth of time before the arrival of the train; that there was no notice or intimation of any kind whatsoever given to the defendant's agents or employees or servants that plaintiff was ill or sick, and, in the absence of notice or knowledge, they were not required to use special attention

or care for a sick patient, but only such reasonable care as the law devolves upon them with reference to passengers generally, and the testimony also shows that that duty had been fully met and complied with"—the error being:

(a) The testimony established beyond question or dispute, and as a matter of law, that the depot was opened and remained open for a reasonable length of time before the arrival of the train, and that all passengers, including plaintiff, had ample time to procure tickets and board the train.

(b) There was no notice to the defendant, and it was without knowledge or information of any kind, that plaintiff was ill or sick and in need of any special assistance or special accommodation or special attention, and that there was no request from plaintiff, or any one in her behalf, asking that the waiting room be opened at an earlier hour than it was, or that any special accommodations be provided for her, and in the absence of such notice, it was the duty of the defendant to open its waiting room only a reasonable length of time before the arrival of the train.

(c) The testimony shows that the defendant discharged its full legal duty to the plaintiff herein in the circumstances stated."

The statute law of the State provides that a waiting room shall be kept open at such hours as to accommodate passengers traveling over its road on its passenger trains. The statute does not prescribe a time limit. This would naturally vary at different points along the line, dependent on the amount of travel. There was a conflict in the evidence as to the time this particular office was opened, and necessarily this issue had to be submitted to the jury.

If the public rights were infringed by reason of the office not being opened a reasonable time before arrival of the train, as contemplated by the statute, and one injured who desired to become a passenger, then they could recover actual damages for loss of time or inconvenience.

In the case at bar, there was testimony that the plaintiff had been denied her rights when she proposed to become a passenger, and if there was such infraction of her rights she was entitled to some damages. But, in the absence of notice of some sort, a railroad company cannot be expected to anticipate the arrival of a sick passenger. Reasonable notice should be given to the railroad· if special care and attention is desired; otherwise, a sick passenger would bear the same relation to the railroad company as a well passenger, and would have, in the absence of notice, no higher right.

In the present case his Honor submitted properly to the jury the question of actual damages. She was entitled to some damages if her rights were infringed, and for damages such as loss of time, inconvenience, etc.

As to the punitive damages, there is no evidence in the case that would warrant punitive damages, and his Honor was in error in not directing a verdict as to punitive damages. The evidence does not sustain, and the Director General, representing the government, cannot be held to respond in, punitive damages. A new trial would necessarily follow, but appellant's counsel stated in Court when he argued his case, and in his printed argument says: "We have limited our appeal to the question of our right to a directed verdict." He said if he could not sustain his position that he was entitled to a directed verdict then that the judgment should be affirmed. His Honor had the right to submit the question of actual damages to the jury, but not punitive damages.

The defendant was not entitled to a directed verdict on the whole case.    He is entitled to a new trial; but, in view of his request that if he is not entitled to a directed verdict on the whole case he does not want a new trial, and in deference to this statement, the judgment is affirmed.