### 10680.

MASSEY v. HINES, DIRECTOR GENERAL.

(108 S. E., 181)

1. RAILROADS—FEDERAL DIRECTOR GENERAL NOT LIABLE IN PUNITIVE DAMAGES FOR WILLFUL TORT OF AGENTS.—The Federal Director General of Railroads in control of a railroad is not liable in punitive damages for the willful tort of his agents and servants.

ON PETITION FOR REHEARING.

2. APPEAL AND ERROR—APPEAL BEING FROM PORTION OF VERDICT ALLOWING PUNITIVE DAMAGES, JUDGMENT SHOULD HAVE BEEN MODIFICATION OF TRIAL COURT'S JUDGMENT TO SUCH EXTENT.—Where defendant Federal Director General of Railroads appealed only from such portion of verdict against him as allowed punitive damages for the willful tort of his agents and servants, the judgment of the Supreme Court should have been a modification to such extent of the judgment of the trial Court, both for actual and punitive damages, and not an order for new trial nisi.

Before TOWNSEND, J., York, April, 1920. Modified.

Action by Jessie H. Massey against Walker D. Hines, Director General of Railroads. Verdict for Plaintiff and defendant appeals.

2—S. C. 117

*Messrs. Glenn & Glenn* and *Thos. F. McDow,* for·appellant, cite: *Governmental control of railroads*: 112 S. C., 407; 113 S. C., 236; 113 S. C., 179. *Punitive damages*: 65 S. C., 39. *Suits against Director General are suits against Government*: 263 Fed., 211; 259 Fed., 261; 3 Wheat., 546. *Suit will not lie for willfulness*: 114 S. C., 331; 103 S. C., 545; 114 S. C., 236; 103 S. E., 548. *In reply*: *Growth of punitive damage idea*: 3 Wils., 18; 2 Bay, 417; 14 L. Ed., (U. S.) 362; 55 So., 42; 34 L. R. A., (N. S.), 740; 76 S. C., 109; 11 Rich. L. 283; 11 Rich. L. 469; 13 S. C., 546; 76 S. C., 193; 103 S. E., 545.

*Messrs. Samuel E. McFadden* and *John R. Hart,* for re-·spondent. *Mr. Hart* cites: *Government control of railroads*: 40 Stat., 456; U. S. Comp. 1918, Sec. 3115¾-J. *Punitive damages neither fine nor penalty*: 35 S. C., 486; 34 S. C., 324; 60 S. C., 73; 69 S. C., 160; 8 R. C. L., 132, note 7; 69 S. C., 115; 76 S. C., 283; 13 How., 371; 129 U. S., 26; 127 U. S., 205; 116 U. S., 562; 91 U. S., 492; 13 A. & E. Enc. L., 53; 188 Fed., 735; 94 S. W., 962; 163 Fed., 129; 97 S. W., 724; 11 Ga. App., 564; 92 S. W., 191; 21 R. C. L., 3. *Congress cannot delegate legislative power to President or Director General*: 220 U. S., 519; 143 U. S., 649; 95 U. S., 587; 115 C. C. A., 469; 10 L. R. A., (N. S.), 254. *No person was to be deprived of an existing legal right of action*: 253 Fed., 459. *Judicial question not for Director General to decide*: 172 N. W., 841.

·*Mr. McFadden* cites: *Punitive ·damages*: 3 S. C., 583 25 S. C., 222; 28 S. C., 405; 29 S. C., 386; 33 S. C.,·435; 65 S. C., 39; 60 S. C., 73. *Distinction between fines, penalties and forfeitures*: 18 Ann. Cas., 883; ·15 Rich. L., ·17; 6 Words & Ph., 5273; 40 S. C., 165. *Supreme Court of U. S. follows State Courts in construction and interpretation of common and statute law*: 2 Foster Fed. Prac. (4th Ed.), Sec. 375, p. 1294; 107 U. S., 20.

August 1, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The sole question in this case is whether or not the Director General of Railroads while in federal control of a railroad is liable in punitive damages for the willful tort of his agents and servants.

The question is answered in the negative by the decision of this Court in *Rowell v. Hines,* 114 S. C. 339; 103 S. E. 545; *Ginn v. Hines,* 114 S. C. 236; 103 S. E., 548, and by the decision of the Supreme Court of the United States in *Missouri, etc., Railroad Co. v. Ault,* decided June 1, 1921, 254 U. S.——; 41 Sup. Ct., 593; 65 L. Ed.,——, where it is declared:

"The purpose for which the government permitted itself to be sued was compensation, not punishment."

The judgment of this Court is that so much of the judgment of the Circuit Court as is for $8,000 actual damages, be affirmed, and that so much of the judgment as is for $12,000 punitive damages be reversed.

## ON PETITION FOR REHEARING

*Per Curiam.* The apellant herein has filed a petition for a rehearing of this appeal upon the ground that the appeal was only from such portion of the verdict as allowed punitive damages, and that the judgment of this Court should have been a modification of the judgment to that extent, and not an order for a new trial *nisi.* The position of the appellant is sustained. *Salley v. Railroad Co.,* 79 S. C., 388; 60 S. E., 938; *Ellison v. Railroad Co.,* 94 S. C., 431; 77 S. E., 723; 78 S. E., 231; *DeLeach v. Railroad Co.,* 106 S. C., 155; 90 S. E., 701; *Calhoun v. Railroad Co.,* 106 S. E., 781. The agreed case shows:

"The appellant now appeals to the Supreme Court from so much of the verdict and judgment as awarded punitive damages to the respondent, and asks that the verdict and

judgment in so far as punitive damages are concerned be set aside and vacated., The appellant by this appeal makes no question as to the verdict for $8,000 actual damages, and only appeals from the verdict and judgment for punitive damages. The appellant does not ask for a new trial, but does ask that the verdict and judgment for $12,000 punitive damages be reversed, set aside, and vacated by this Court."

The argument for the respondent states:

"Defendant appeals to this Court only as against punitive damages awarded plaintiff, and upon the legal ground that under the law the defendant, Director General, as Agent of Railroads, cannot be sued for willfulness, and therefore no recovery, verdict, or judgment can be had against him for punitive damages. And this is the whole question presented by this appeal."

It is ordered that the judgment at the foot of the opinion which has been filed be stricken out, and the following substituted in lieu thereof:

The judgment of this Court is that so much of the judgment of the Circuit Court as is for $8,000 actual damages be affirmed, and that so much of the judgment as is for $12,000 punitive damages be reversed.