(September 3, 1921.)

FRED G. BLISS, Respondent, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, WALKER D. HINES, Director General of Railroads, Substituted, JOHN C. DAVIS, Substituted, Appellant.

[200 Pac. 721.]

RAILROAD CROSSING — PUBLICLY TRAVELED ROAD — CATTLE-GUARD — INJURY TO LIVESTOCK—STATUTORY LIABILITY—ACTION FOR DAMAGES —DIRECTOR OF RAILROADS—LIABILITY FOR STATUTORY PENALTY.

1. No liability for damages for injury to livestock attaches in an action for violation of the provisions of C. S., sec. 4815, unless there is a failure to maintain a suitable crossing and cattle-guards at a point where a public highway or publicly traveled road crosses the railroad, and the injury results from such failure.

---

Publisher's Note.

1. For authorities passing on the question of duty of railroad company to keep cattle-guards in condition, see notes in 36 **L. R. A., N. S.,** 997, and **L. R. A.** 1915B, 134.

2. The statutory penalty under C. S., sec. 4818, is not recoverable unless the injury to livestock is caused by the negligent or unlawful acts of the railroad company or those operating it.

3. In an action against the Director General of Railroads, no recovery can be had of a penalty imposed for violation of a state statute, as distinguished from compensatory damages.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action for damages under C. S., sec. 4815, and for penalty under C. S., sec. 4818. Appeal from judgment for plaintiff, and from order denying motion for new trial. *Reversed.*

Geo. H. Smith, H. B. Thompson and John O. Moran, for Appellant.

No person or corporation can, apart from statute, be held in damages for the killing of an animal in collision with a railroad engine unless negligence is pleaded and proven. (*Wallace v. Oregon Short Line R. R. Co.*, 16 Ida. 103, 100 Pac. 904; *Jones v. Oregon Short Line R. R. Co.*, 6 Ida. 441, 56 Pac. 76; *Wilson v. Oregon Short Line R. R. Co.*, 28 Ida. 54, 152 Pac. 1062.)

If there is no pleading or proof to support compensatory damages, there can be no recovery of double damages under the provisions of the statute. (*Wilson v. Oregon Short Line R. R. Co., supra.*)

Where damages are claimed for injuries which may have been occasioned by one of two causes, and for one of which the defendant was responsible and the other he was not, the plaintiff must fail if his evidence does not show that the injuries were the result of the cause for which the defendant was responsible. (*Antler v. Cox*, 27 Ida. 517, 149 Pac. 731.)

3. Liability of Director General of Railroads to suit for penalty or damages, see notes in 4 A. L. R. 1689; 8 A. L. R. 971; 10 A. L. R. 963.

Neither the United States nor its administrative officers can be sued without its consent, and if this be true, then it can place such limitations on the authority to sue as it may see fit. (*National Surety Co. v. State Banking Board* (Okl.), 152 Pac. 389; *Title Guaranty etc. Co. v. Guernsey,* 205 Fed. 94.)

Bissell & Bird, for Respondent.

Negligence on the part of appellant has been sufficiently alleged and proven by competent evidence. (*Wilson v. Oregon Short Line R. R. Co.,* 28 Ida. 54, 152 Pac. 1062; R. C. L., Pleading, Nos. 32, 64 and 65; sec. 6707, C. S., and citations thereunder.)

There is substantial evidence supporting a verdict based on conflicting evidence and the same will not be disturbed. (*Black v. Black,* 33 Ida. 226, 191 Pac. 353; *Bafus v. Peeper,* 33 Ida. 324, 194 Pac. 96.)

An agent of the government is liable for the penalty provided for by sec. 4818, C. S., under the state of facts involved in the instant case, in like measure as an individual. (General Order No. 50, U. S. R. R. Administration; *Smith v. Atlantic Coast Line R. Co.,* 112 S. C. 462, 100 S. E. 148; *Owens v. Hines,* 178 N. C. 325, 100 S. E. 617.)

McCARTHY, J.—Respondent sued for damages resulting from the killing of his livestock by collision with a train on the O. S. L. Railroad, while operated by appellant as Director General of Railroads. The collision occurred near a siding at Ticeska, in Gooding County, on March 26, 1918. The complaint, as originally framed, stated a cause of action under C. S., sec. 4814, for failure of the appellant to fence the right of way along the railroad. This theory of the case was abandoned, because of inability to show that the road, at that point, passed through or along adjoining, cultivated fields or inclosed lands, as provided by said section. By successive amendments to the complaint, a cause of action was stated under C. S., sec. 4815, for failure to keep and

maintain a suitable crossing and cattle-guard, at a point where a public highway, or publicly traveled road crossed the railroad. Respondent's theory was that a cattle-guard, formerly existing at a point where a publicly traveled road crossed the tracks, had been torn out, that the cattle got on the track at that point, and were run down by the train. Appellant admitted that there had formerly been a cattle-guard there and that it had been torn out, but claimed that there was no public highway or publicly traveled road at that point, and that therefore the railroad was under no obligation to maintain the cattle-guard. Respondent also stated a second cause of action under C. S., sec. 4818, on the ground that appellant did not cause to be entered, in a book kept at one of its principal stations in Gooding county, within 15 days after the killing of the animals, a description of them as required by that section. Appellant's defense to this was, first, that the railroad company was not liable for killing the stock, and therefore could not be liable under sec. 4818, and, second, that this cause of action was to recover a penalty, and that no penalty could be recovered against the Director General of Railroads who took over the road as a representative of the government. Judgment was entered upon a verdict in respondent's favor, for $400 on the first cause of action, and $800 on the second. From this judgment and an order denying a motion for a new trial, this appeal is taken.

The principal assignments of error are: That the court erred in denying appellant's motion for a directed verdict as to each of the causes of action, and in refusing to instruct the jury to find for appellant on both causes of action, and also erred in denying the motion for a new trial.

Under the first cause of action the principal point urged by appellant is that there is no evidence tending to show that the cattle were killed because of appellant's failure to maintain a suitable crossing or cattle-guard, at a point where a public highway or publicly traveled road crossed the railroad. If this point is well taken, the judgment on

this cause of action must be reversed, because no other acts of negligence are pleaded, and the cause of action is solely one to recover damages caused by violation of the statutory duty imposed by sec. 4815. That section makes it the duty of appellant to maintain a cattle-guard only where the railroad crosses a public highway or publicly traveled road. Nor is it sufficient to prove that appellant did not maintain such a cattle-guard. In addition to that, it must be shown that because of such failure the cattle got on the track. There is an entire absence of any evidence showing that the cattle got on the track because of a lack of a cattle-guard at any such point. The evidence shows that there were two cattle guards, one at the east end of the siding and the other at the west end of the siding, that the one at the east end of the siding had been torn out, and that the cattle got on the track at that point. This is shown by evidence of tracks, blood and pieces of hair and hide at that point. The evidence shows that the only publicly - traveled road anywhere in the vicinity, is between these two cattle-guards, 1,000 feet or more from the point where the cattle-guard had been torn out and where the cattle got on the track. This is shown by the testimony of respondent himself, by the map introduced in evidence by respondent as plaintiff's exhibit "A," and by the testimony of all witnesses who were interrogated in regard to the matter. Upon the trial, in an attempt to make the pleading conform to the proof, respondent made the following amendment to his complaint:

"That prior to the month of September, 1917, the defendant, the Oregon Short Line Railroad Company, had erected and maintained a lawful fence along each side of its right of way, immediately east of and down to the east end of the switch, at the blind siding known as Ticeska, and had erected, installed, and maintained across the said railroad at that point, a standard cattle-guard and cross-fence to prevent cattle from getting upon said railroad, and had also installed at the west end of such switch, a

standard cattle-guard and fence to prevent cattle from getting upon said railroad, that across the tracks of the said Oregon Short Line right of way, about midway between the two cattle-guards, was located a wagon crossing, but that the entire length of said yards, was on said day, and ever since the construction, of said road, had been used as a road, highway and crossing for cattle, sheep and other livestock, and that such gap and opening so left was the used, recognized and established trail and road, for cattle and other livestock to pass from the range on the north side of said track to water and back to said range.''

This amendment was based upon the theory that, if the cattle got on the track at any point along the siding where livestock had been in the habit of crossing, and where a cattle-guard was not maintained, appellant would be liable, whether or not there was at that place a public highway or publicly traveled road. The statute is not subject to such a construction. The term ''publicly traveled road'' means a road customarily traveled by the general public, and not a stretch of territory, thousands of feet in length, which has been crossed by livestock. Conceding that the appellant did not maintain a cattle-guard at the only publicly traveled road in the vicinity, as located by all the witnesses who testified on that point, there is an entire absence of evidence to show that the cattle got upon the track at that point, and therefore that respondent suffered any damage by the default of the appellant in that regard. Therefore, the motion for a directed verdict as to the first cause of action should have been granted.

In order to recover the penalty prescribed by C. S., sec. 4818, it is necessary to show that the livestock were killed or injured through fault of the railroad company. ' (*Wilson v. Oregon Short Line R. R. Co.*, 28 Ida. 54, 152 Pac. 1062.) In other words, the respondent was not entitled to recover upon the second cause of action unless he was entitled to recover on the first cause of action. The second cause of action falls with the first.

Appellant also contends that, in no event, would respondent be entitled to recover on the second cause of action, because it was for a statutory penalty, and the appellant, representing the government of the United States, could not be liable for such a penalty. The animals were killed on March 26, 1918. At that time the President had taken possession of the railroad, pursuant to his proclamation of December 26, 1917 (40 Stats. L. 1733), under the act of Congress of Aug. 29, 1916 (chap. 418, 39 Stats. L. 619, 645; Comp. Stats., sec. 1974a), and was operating it through the Director General. General Order No. 50 of the Director General of Railroads, of date October 28, 1918, was introduced in evidence. It provided that actions at law, for loss and damage to property growing out of the control or operation of any railroad by the Director General, should be brought against him, provided that the order did not apply to actions for the recovery of fines, penalties and forfeitures. In *Missouri Pacific R. R. Co. and Walker D. Hines, Director General v. Ault,* 65 L. ed. 647, the supreme court of the United States held:

"The Director General, operating the railroads under the Federal Control Act of March 21, 1918, is not made liable for statutory penalties for violation of state laws by the provisions of sec. 10 of that act, that carriers, while under Federal control, shall be subject to all laws and liabilities as common carriers, whether arising under state or Federal laws or at common law, and of sec. 15, that the lawful police regulations of the several states shall continue unimpaired.

"Whether, in a proceeding against the Director General, operating the railroads under the Federal Control Act of March 21, 1918, the liability imposed by state statutes for violations of those statutes shall be deemed compensation or penalty, presents a question not of state but of federal law, open to review in the Federal Supreme Court on writ of error to a state court."

Considering the facts of that case, and the statutes involved, we conclude that it is decisive of the present question. Counsel for respondent argues that General Order No. 50 could not have a retroactive effect. The decision in the Ault case, however, is base 1, not upon the order of the Director General, but upon the act of Congress, pursuant to which the railroads were taken over and operated for the government, which went into effect before the respondent's cattle were killed. Therefore, even if respondent were entitled to recover on his first cause of action, we would be forced to conclude that he could not recover the penalty under sec. 4818. It follows that the court erred in denying the motion for a directed verdict as to the second cause of action.

As the motion for a directed verdict should have been granted, on both causes of action, the judgment is reversed, and the cause remanded with orders to enter judgment for the appellant. Costs awarded to appellant.

Rice, C. J., and Lee, J., concur.

DUNN, J.—I concur as to the first cause of action, and in the conclusion that, under the Ault decision, no recovery could be had on the second cause of action.

Budge, J., did not sit at the hearing or take any part in the decision.