PAYNE, DIRECTOR GENERAL *v.* BARTLETT.

[89 South. 912. | No. 22082.]

RAILROADS. *Punitive damages not recoverable against Director General.*
   Under the Federal Control Act of March 21, 1918 (Federal Statutes, Annotated, 1918, Supp., pp. 757, 762; U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, Section 3115¾j; 40 Stat. at Large 451),

punitive damages are not recoverable against the government or Director General; and where an instruction authorizing the infliction of punitive damages has been given, the judgment will be reversed unless the court can say with confidence that the jury was not influenced by the instruction and that only compensatory damages have been awarded.

APPEAL from circuit court of Humphreys county.

HON. S. F. DAVIS, Judge.

Suit by C. C. Bartlett against John Barton Payne, Director General of Railroads, Agent of the United States Government. Verdict and judgment for plaintiff, and the defendant appeals. Affirmed in part and reversed in part.

*Barbour & Henry,* for appellant.

*Mortimer & Sykes* and *J. D. Jones,* for appellee.

COOK, J., delivered the opinion of the court.

Appellee, plaintiff below, brought suit in the circuit court of Humphreys county against the Director General of Railroads, as Agent of the United States Government. The declaration filed by appellee alleged false imprisonment, assault and abuse, and wrongful ejection from defendant's train, and that the acts of the servants of the defendant in so doing were willful, wanton, and malicious. There was a verdict and judgment for two thousand dollars in favor of plaintiff, and from this judgment defendant prosecuted this appeal.

The director general filed a special plea setting up the fact that he, as the representative of the United States government in the operation of railroads was not liable for punitive damages, and a demurrer to this plea was sustained.

At the conclusion of the testimony the plaintiff was granted an instruction which authorized the jury to award "punitive damages by way of punishment if they believed from a preponderance of the evidence that the conduct of

defendant's agents was characterized by gross carelessness, insult, or willful wrong," and defendant's requested instruction to allow no punitive damages was refused.

Since the decision in the case of *Missouri Pacific Railroad Co., and Walker D. Hines, Director General, etc.,* v. *Ault,* 255 U. S.—, 41 Sup. Ct. 593, 165 L. Ed. 647, decided by the United States supreme court on June 1, 1921 (*Missouri Pacific Railroad Co., etc.,* v. *Ault*) and the decision of this court on suggestion of error in the case of *James C. Davis, Director General, etc.,* v. *Elzey,* 89 So. 666, it is conceded by appellee that punitive damages are not recoverable against the government or agent of the United States. It is contended by appellee, however, that the giving of the instruction on punitive damages was harmless error for the reason that the amount recovered was no more than fair compensation for the injuries inflicted, and that the amount of the verdict negatives the idea that punitive damages were awarded.

We do not think this contention can be maintained under any view of the testimony in this record. Taking all the facts together as shown in this record, we are unable to say with confidence that the instruction authorizing the infliction of punitive damages did not influence the jury and that it would have returned a verdict for two thousand dollars if this instruction had not been given; but, on the contrary, we think it is very probable that this instruction contributed to the amount of the recovery.

The judgment of the lower court is therefore reversed in so far as it adjudges the amount of damages to be recovered, but in all other respects will remain in full force and effect, and the cause is remanded for the purpose only of adjudging the amount of damages to be recovered by appellee.

*Affirmed in part and reversed in part.*