11235

MATTHEWS v. DAVIS, DIR. GEN.

(117 S. E., 642)

1. UNITED STATES—GOVERNMENT NOT LIABLE FOR WILLFUL ASSAULT AND BATTERY BY EMPLOYEE IN ABSENCE OF STATUTE.—In the absence of any Statute by Congress making it liable, the government is not responsible for a willful assault and battery by a party in its service, nor for the torts, misconduct, misfeasance, or laches of its officers or employees.

2. RAILROADS—DIRECTOR GENERAL NOT SUABLE FOR WILLFULNESS.—
Director General of Railroads cannot be sued for willfulness of
his agents.

Before GARY, J., Florence, November, 1921. Reversed.

Action by Sam J. Matthews against James C. Davis as
Director General of Railroads. Judgment for plaintiff and
defendant appeals.

*Mr. F. L. Willcox,* for appellant, cites: *Suit can only be
brought under authority of act of congress:* 263 Fed., 211;
127 U. S., 507; 188 U. S., 400; 149 U. S., 593; 8 Wall.,
269; U. S., Adv. Ops., 65, p. 647; 113 S. C., 236. *No ac-
tion will be for malicious prosecution:* 276 Fed., 451. *No
punitive damages recoverable:* 114 S. C., 236; 114 S. C.,
339.

*Messrs. P. H. Arrowsmith* and *W. Marshall Bridges,* for
Respondent.

May 16, 1923.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This is an action commenced by service of summons and
complaint on the agent at Florence, S. C., of the United
States Railroad Administration, on the 6th day of February,
1920. The action was to recover damages alleged to have
been sustained by plaintiff on account of a willful assault and
battery, alleged to have been committed by one M. A. Bell,
alleged in the complaint to have been at the time of the assault
and battery an agent of the Director General of Railroads.

The case came on for trial at the November term of Court
for Florence, 1921, before his Honor, Judge Gary. Upon
the call of the case defendant demurred to the complaint on
the ground that it fails to state facts sufficient to constitute a
cause of action, in that it appears on the face thereof that the
entire injury alleged to have been sustained by the plaintiff
was due to the willfulness of an alleged employee of the
Director General of Railroads, and not to negligence, and in

that the Director General of Railroads cannot be sued for willful injuries. The demurrer was overruled by the Court, and the trial was had with a jury. It resulted in a verdict in favor of the plaintiff in the sum of $6,000. His Honor on a motion for a new trial granted a new trial unless plaintiff should remit all of the verdict except $1,500.

At the close of plaintiff's testimony a motion for a nonsuit was made by the defendant and refused. A motion was made by defendant for a directed verdict at the close of all of the evidence and refused.

After entry of judgment defendant appeals and by three exceptions alleges error in not sustaining demurrer, in not granting a nonsuit, and in not directing a verdict for the defendant.

A careful examination of the evidence convinces us that there was no element of negligence in the case; whether the assault and battery was unprovoked, or whether Bell was defending himself, makes no difference. The government is not responsible for a willful assault and battery by a party in its service, in the absence of any Statute by Congress making it liable and allowing the government to be sued, and we know of no such authority authorizing suit by plaintiff, in this case or any one similarly situated. The government cannot be sued and made liable without its consent, given in some act of Congress, for torts, misconduct, misfeasance, or laches of its officers or employees. *Bigby v. United States,* 188 U. S., 400; 23 Sup. Ct., 468 47 L. Ed., 519. *Hill v. United States,* 149 U. S., 593; 13 Sup. Ct., 1011; 37 L. Ed., 862; *Gibsons v. United States,* 8 Wall., 269; 19 L. Ed., 453.

No specific authority conferred by Congress has been cited to allow the plaintiff to recover in the case before us, for we think it is an attempt to recover on account of a wilful tort committed by an alleged agent and employee of the government.

*Missouri Pacific R. Co. v. Ault,* 256 U. S., 554; 41 Sup. Ct., 593; 65 L. Ed., 1087, decides that actions against the Director General of Railroads can be such only as are authorized by acts of Congress.

The Director General cannot be sued for willfulness. *Rowell v. Hines,* 114 S. C., 339; 103 S. E., 545.

This suit cannot be properly maintained against the Director General, and the exceptions are sustained, the judgment reversed, and the complaint dismissed.

Reversed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER concur.

MR. JUSTICE COTHRAN, (dissenting). I do not approve of the conclusion announced in the leading opinion, that an action cannot be maintained against the Director General of Railroads under federal administration, for damages resulting from the willful tort of one of his employees, commited while acting within the actual scope of his employment. It is unquestionably true under the cases decided by the Federal Courts and this Court, that the Director General is not liable under such circumstances for punitive damages, but I know of no case holding that he would not be liable for actual damages. The case of *Rowell v. Hines,* 114 S. C., 339; 103 S. E., 545, does hold, "The Director General could not be sued for willfulness." The precise point was not raised or discussed, and while the quotation made would cover the point, I do not think that it was intended to declare more than his exemption from punitive damages. If it should be considered as going further and to the extent announced in the leading opinion, I think that it should be specifically limited to the extent indicated above.

In *Missouri, etc., R. Co. v. Ault,* 256 U. S., 554; 41 Sup. Ct., 593; 65 L. Ed., 1087, it is said:

"The government undertook as carrier to observe all existing laws; it undertook to compensate any person injured through a departure by its agents or servants from their duty

under such law. * * * Wherever the law permitted compensatory damages they may be collected against the carrier while under federal control."

The willfulness with which a servant may have acted makes the act certainly none the less a departure from his duty, for which the Director General is liable if the law theretofore permitted to recovery of compensatory damages therefore. In the Federal Courts the recovery of punitive damages against the Director General for the willful torts of her servants is denied upon two grounds:   (1) As a rule. of law a master is not so liable. *Railroad Co. v. Prentice,* 147 U. S., 101; 13 Sup. Ct., 261; 37 L. Ed., 97; (2) Punitive damages are allowed by way of punishment, and the act of Congress permitting suits to be brought against him expressly excludes the recovery of penalties. *Railroad Co. v. Ault,* 256 U. S., 554; 41 Sup. Ct., 593; 65 L. Ed., 1087. But nowhere is it held that a master, be he an individual, corporation, or a Director General, is exempt from liability for compensatory damages under the circumstances stated.

In the Prentice Case it is held:

"A corporation is doubtless liable, like an individual, to make compensation for any tort committed by an agent in the course of his employment, although the act is done wantonly and recklessly, or against the express orders of the principal."

I think, therefore, that the Circuit Judge, as matters stood when he made his ruling, was entirely right in refusing to sustain the demurrer to the complaint and the motions for nonsuit and directed verdict. Let these grounds be reported. He had not, up to that time, ruled, as he subsequently charged the jury, that the Director General could not be made liable for even compensatory damages for the willful tort of a servant. If upon the motions for a nonsuit or a directed verdict he had so ruled, although I think he would have been wrong, he should have granted one or the other of these motions, for there is nothing in the evidence tending to

show that any one of the alleged acts of negligence, outside of the willful tort, was a proximate cause of the assault. And if after he had so charged the jury and a verdict had been rendered for the plaintiff, if a motion for a new trial had been made upon the ground that the verdict was contrary to the law as given by him, in the absence of evidence of any act of negligence outside of the willful tort as a proximate cause of the assault, it should have been granted; for right or wrong the duty of a jury is to follow the instructions of the Court.

Counsel for the appellant cite the case of *Davis v. Green,* 43 Sup. Ct., 123; 67 L. Ed.—, which holds that if the servant was acting out of personal spite, wholly beyond the scope of his employment, the employer would not be liable. No such position was taken in any of the motions mentioned, nor in the exceptions or argument. While it is eminently correct, it has no application to this appeal.

I think therefore that the judgment should be affirmed.

MR. JUSTICE MARION concurs.