ERNEST FYFE, Appellee, v. JAMES C. DAVIS, Appellant.

**RAILROADS:** Director General—Exemplary Damages. Exemplary damages are not recoverable against the director general of railroads.

*Appeal from Dallas District Court.*—H. S. DUGAN, Judge.

### MAY 6, 1924.

ACTION for damages resulting from personal injuries caused by an assault on the part of an employee of the director general of railroads, while the railroads were under Federal control. There was a verdict for the plaintiff, and from a judgment thereon the agent of the railroad administration appeals.—*Reversed.*

*Hughes, Taylor & O'Brien* and *White & Clarke,* for appellant.

*George Dugan,* for appellee.

VERMILION, J.—The plaintiff and the defendant Dollarhide were both in the employ of the director general of railroads, on the line of the Chicago, Milwaukee & St. Paul Railway Company, at Perry, during the period of Federal control of railways. It was alleged in the petition, and there was evidence tending to show, that the plaintiff was employed as a fireman, and the defendant Dollarhide was night roundhouse foreman, at Perry; that, while both plaintiff and Dollarhide were engaged in their respective duties, the latter made an unprovoked assault upon plaintiff, and inflicted a serious and permanent injury. It was alleged that Dollarhide was a man of violent, ungovernable, and

dangerous disposition, which was known to the other defendant, the director general; and negligence was alleged on the part of the director general in employing him and in failing to furnish plaintiff a safe place in which to work and carry on his duties. There was a verdict and judgment against both defendants, Dollarhide and the director general, for $10,000.

The only question presented on appeal is the action of the trial court in instructing the jury that exemplary damages might be awarded against the agent of the United States railroad administration. It should be observed that the error alleged is not predicated on any want of an allegation that the act of Dollarhide was malicious, but upon the proposition that in no event can exemplary damages be recovered against the railroad administration while the railroads were under Federal control, or against the agent appointed by the president as the person to be sued after the termination of Federal control, upon a cause of action arising during Federal control.

The act of Congress of March 21, 1918, known as the Federal Control Act (40 Statutes at Large 456), provided in Section 10 that the carriers, while under Federal control, should be subject to all laws and liabilities as common carriers, except in so far as is inconsistent with the provisions of that or any other act applicable to Federal control or any order of the president; and that actions at law or suits in equity might be brought against the carriers, and judgment rendered as provided by law; and that no defense should be made upon the ground that the carrier was an instrumentality of the Federal government. In the case of *Missouri Pacific R. Co. v. Ault*, 256 U. S. 554 (65 L. Ed. 1087), it was said that the purpose for which the government permitted itself to be sued was compensation, not punishment; and attention was called to the language of General Order No. 50, by the director general, relating to actions against the director general, wherein it was provided that it should not apply to "actions, suits, or proceedings for the recovery of fines, penalties, or forfeitures." It was said that, wherever the law permitted compensatory damages, they might be collected against the carrier while the railroads were under Federal control, but that double damages, penalties, and forfeitures which did not merely compensate, but punished, were not within the purview

of the statute. Following the *Ault* case, it has been held that
the director general was not liable for a statutory penalty for
killing live stock and failing to keep a record of the fact *(Bliss
v. Oregon Short Line R. Co.,* 34 Ida. 351 [200 Pac. 721]), or for
a penalty imposed by a state statute for an overcharge of passen-
ger fare *(Davis v. Smith,* [Ark.] 234 S. W. 484). Upon the
precise point raised here, it has been held that exemplary or
punitive damages cannot be recovered against the director gen-
eral. *Payne v. Bartlett,* 127 Miss. 189 (89 So. 912); *Massey v.
Hines,* 117 S. C. 1 (108 S. E. 181); *Payne v. Smitherman,* 206
Ala. 591 (91 So. 575); *Davis v. Elzey,* 126 Miss. 789 (89 So.
666).

The force of these decisions is attempted to be met by the
contention that exemplary damages are to some extent compen-
satory, and therefore come within the recovery of compensation
as permitted in the Federal Control Act, as construed in the
*Ault* case. Without determining whether such a contention is
correct as a mere matter of legal definition, it is apparent that
the instructions complained of cannot be sustained on that
theory. The court enumerated the various elements of actual
damage, including loss of time and the expense of medical serv-
ices, impairment of earning power, physical and mental pain and
suffering, and disfigurement, and then instructed that, in addi-
tion to the actual damages, the jury might allow plaintiff a fur-
ther sum as exemplary damages, if it was found that Dollarhide
acted maliciously; and that exemplary damages are given when-
ever elements of oppression, fraud, or malice enter into the com-
mission of the offense, and in such cases the jury is not limited
to actual compensation, nor required to scrutinize very closely
the amount of the verdict, but, blending together the rights of
the injured party and the interests of the community, may give
such a verdict as will compensate for the injury and at the same
time inflict some punishment upon the offender for his wrongful
act, and protect society from like acts on his part.

Under the instructions, it cannot be doubted that the jury
was told that it might, in addition to compensatory damages,
allow a further sum, as purely exemplary or punitive damages,
and by way of punishment of the defendants, if Dollarhide's
act was found to have been malicious. Such an instruction was,

under the authorities cited, erroneous, as applied to the director general.

It is urged that the amount awarded is not excessive, and was fully warranted as merely compensatory for the injury received. We think, however, in view of the amount of the verdict and the testimony in relation to the character and extent of plaintiff's injury, that it cannot be said that the giving of the instructions complained of was not prejudicial. The judgment against the appellant Davis is—*Reversed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.