(91 South. 575)

**PAYNE, Director General, v. SMITHERMAN.**
**(6 Div. 426.)**

(Supreme Court of Alabama. Nov. 3, 1921.)

**1. Railroads ⟳344(9)—Complaint held to charge wanton injury.**

Count alleging that, while plaintiff was crossing a railroad track at a public crossing, defendant's servants wantonly ran a locomotive against his automobile with reckless disregard of consequences and as a result plaintiff was injured, *held* sufficient as a wanton count.

**2. Railroads ⟳5½, New, vol. 6A Key-No. Series—Government not liable for punitive damages.**

The Director General of Railroads representing the federal government is not liable for punitive damages for wanton negligence in the operation of trains.

**3. Damages ⟳91(3)—Under count for wanton negligence, compensatory as well as punitive damages recovered.**

Under a count for wanton negligence, plaintiff may recover compensatory as well as punitive damages.

**4. Railroads ⟳5½, New, vol. 6A Key-No. Series—Substituting name of successor of Director General authorized by Transportation Act.**

In an action against a Director General of Railroads, an amendment substituting the name of his successor, was authorized by Transportation Act Feb. 28, 1920, §§ 206a and 206d, and did not work a change of the party defendant.

**5. Trial ⟳260(8)—Refusal of charge requested harmless where covered by oral charge.**

In an action for damages for injury at a railroad crossing where plaintiff alleged wanton negligence, the error in refusing an instruction that there could be no recovery for simple negligence was without prejudice, as the jury were so instructed in the oral charge.

**6. Railroads ⟳339(1)—Instruction on wanton misconduct held proper.**

An instruction that neither a failure to blow the whistle nor ring the bell, nor the speed of the train before the peril of plaintiff at a crossing became manifest, or ought to have been manifest, is evidence of wanton, reckless, or intentional misconduct, *held* proper.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by O. Smitherman, filed originally against William G. McAdoo, as Director General of Railroads, operating the Louisville & Nashville Railroad. James Barton Payne was substituted as Director General. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

The following is count 3, on which the case went to the jury:

"Count 3. Plaintiff claims of defendant $3,000 damages for that heretofore on, to wit, December 12, 1918, Wm. G. McAdoo, as Director General of Railroads, was engaged in the operation of the trains propelled by steam locomotives of the Louisville & Nashville Railroad Company in Jefferson county, Ala., and while the plaintiff was then and there in the act of crossing in his automobile the track of said railroad at a public road crossing Wm. G. McAdoo's (as Director General of Railroads) agents or servants in charge of said locomotive, whose names to the plaintiff are unknown, while then and there acting within the line and scope of their employment, wantonly ran said locomotive against the plaintiff and his said automobile with the knowledge that to so do would probably injure the plaintiff and damage his said automobile and with a reckless disregard of the consequences, and as a proximate result of said wantonness the plaintiff was knocked from said automobile and badly cut, mashed, and bruised about the face, head, hands, and knees, his neck and arms were bruised, wrenched, and sprained, and he was otherwise more or less bruised and contused about the body and limbs, was rendered unconscious and made sick and sore, was caused to suffer great physical pain and mental anguish, was rendered for a long time unable to work and earn money, was put to expense for doctors' services used in an effort to heal and cure his said wounds and injuries, and plaintiff's said automobile was crushed, broken, damaged, and the value thereof greatly reduced, and the plaintiff's watch was mashed, crushed, broken, and rendered worthless, and the chain to said watch was lost, and the plaintiff's rain coat and hat were torn, damaged, and lost, all to the plaintiff's damage aforesaid."

Huey & Welch, of Bessemer, for appellant.

The Director General be made a party to a suit, without notice to him, and without his consent. 114 S. C. 89, 102 S. E. 854; 143 Minn. 227, 173 N. W. 440. A plaintiff cannot recover punitive damages against the Director General of Railroads. 114 S. C. 236, 103 S. E. 548; 114 S. C. 339, 103 S. E. 545. See also the recent case of Mo. Pac. Ry. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. ——. The defendant was entitled to a directed verdict as to simple negligence.

Goodwyn & Ross, of Bessemer, for appellee.

Wantonness could be imputed to the engineer under two theories. 166 Ala. 575, 51 South. 959; 172 Ala. 597, 55 South. 812; 203 Ala. 284, 82 South. 534; 186 Ala. 119, 65 South. 153. The burden was on defendant to free itself of negligence. 204 Ala. 619, 87 South. 96; 177 Ala. 342, 58 South. 433. There was no error in permitting the amendment. Transportation Act, 1920, §§ 206 "a" and "d."

SOMERVILLE, J. [1] The action is for personal injuries suffered by plaintiff in a collision with defendant's train of cars at a public road crossing. The complaint contains several counts declaring on simple negligence, which were eliminated from consideration by the trial court, and the cause was

⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

submitted to the jury on count 3 only, declaring upon wanton negligence, and claiming damages for various injuries enumerated.

Count 3 is clearly sufficient as a wanton count, and is not subject to any of the grounds of demurrer. M. & C. R. Co. v. Martin, 117 Ala. 367, 23 South. 231; So. Ry. Co. v. Crenshaw, 136 Ala. 573, 34 South. 913.

[2] Some of the instructions requested by defendant, and refused by the trial judge, deny the liability of the federal government, when sued through the medium of its designated agent, the Director General of Railroads, for punitive damages under a count for wanton negligence in the operation of railroad trains; and deny also any right of recovery against the Director General under a wanton count.

In the leading case of Missouri Pac. R. Co. v. Ault, 255 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. ——, it was expressly declared that "the purpose for which the government permitted itself to be sued was compensation, not punishment"; and, further, that—

"Wherever the law permitted compensatory damages they may be collected against the carrier while under federal control. * * * But double damages, penalties and forfeitures, which do not merely compensate but punish, are not within the purview of the statute."

Following the plain rule announced in that decision, we are constrained to hold that the defendant in this case, the Director General representing the federal government, is not liable for punitive damages, and that the trial judge erred in refusing to so instruct the jury at defendant's request, and also in affirmatively instructing them that such damages could be awarded.

The authority cited is, of course, conclusive; but it may be noted that the Supreme Court of South Carolina has also decided without reference to the Ault Case, that the Director General cannot be sued for willfulness (Rowell v. Hines, Director General, 114 S. C. 339, 103 S. E. 545), and that he cannot be held to respond in punitive damages (Ginn v. U. S. R. R. Administration, 114 S. C. 236, 103 S. E. 548).

[3] In this state, the plaintiff may recover compensatory as well as punitive damages under a count for wanton negligence. Clinton Min. Co. v. Bradford, 200 Ala. 308, 76 South. 74, headnote 13.

The Ault Case, supra, does not hold that the Director General is not liable for acts of wanton negligence on the part of his employés, but only that he cannot be held liable for punitive damages—which is quite a different proposition.

In the absence of any ruling to the contrary by the federal Supreme Court we are of the opinion and so hold that the plaintiff in this case could recover compensatory damages if he sustained by satisfactory proof the charge of wanton negligence.

[4] The trial court properly allowed plaintiff, by amendment, to substitute the name of John Barton Payne for the name of his predecessor, William G. McAdoo, as Director General of Railroads. The amendment continued the suit against the same officer, and did not work a change of the party defendant. Such an amendment seems to be expressly authorized by sections 206a and 206d of the Transportation Act of 1920 (41 Stat. 461, 462).

[5] Defendant was entitled to the instruction requested by him, that there could be no recovery in this case for simple negligence, and its refusal was error. The error was without prejudice, however, as the jury were clearly so instructed in the oral charge.

As the case was submitted to the jury, the burden of proof was on plaintiff to show that defendant wantonly ran its locomotive upon him and thereby wantonly caused his injuries. And if that burden were met by plaintiff, then a recovery could be defeated only by evidence which showed to the reasonable satisfaction of the jury that plaintiff was himself guilty of contributory negligence which amounted to wanton self-injury, as alleged in special plea 10. Whether or not that plea presented a proper issue we are not called upon to determine on this appeal.

[6] At defendant's instance the trial judge instructed the jury that neither a failure to blow the whistle, nor a failure to ring the bell, nor the speed of the train, before the peril of the plaintiff became manifest, or ought to have been manifest, under the evidence, is evidence of wanton, reckless, or intentional misconduct on the part of defendant's servants. Under our decisions, the omissions specified in this charge are, per se, but simple negligence, and the instruction was, of course, proper. Weatherly v. Nashville, etc., Ry. Co., 166 Ala. 575, 51 South. 959, 962.

Whether or not, on the issue of wanton negligence, the failure of the engineer to give the statutory signals of his approach to this crossing—as some of the testimony tended to show—was connected with other circumstances and conditions that could amount in combination to wantonness, is a question we need not now determine.

The record presents a great many assignments of error relating to refused charges, rulings on the evidence, and on objections to the argument of plaintiff's counsel, which we do not pass upon, as they may not recur on another trial.

For the error noted, the judgment will be reversed and the cause remanded.

Reversed and remanded.

McCLELLAN, THOMAS, and MILLER. JJ., concur.