(96 South. 208)

**DAVIS, Director General of Railroads, v. SMITHERMAN. (6 Div. 703.)**

(Supreme Court of Alabama. April 12, 1923.)

1. **Railroads ⬩⟜5½, New, vol. 6A Key-No. Series—Substitution of Federal Agent's successor authorized by Transportation Act.**

In a suit against the Director General of Railroads as Agent, an amendment substituting his successor as defendant was permissible under Transportation Act 1920, § 206, subds. "a," "d," and was not an entire change of party defendant.

2. **Railroads ⬩⟜344(9)—Amendment held not to make wanton count demurrable.**

Where a count was sufficient as a wanton count, an amendment thereto by adding that plaintiff's health and physical stamina have been greatly impaired *held* not to change the legal effect and make the count demurrable.

3. **Negligence ⬩⟜100—Contributory negligence no answer to wanton count.**

A plea of contributory negligence is no answer to a count averring wanton negligence of defendant.

4. **Railroads ⬩⟜339(2)—Wanton contributory negligence no bar to action for wanton negligence.**

The wanton contributory negligence of plaintiff injured at a crossing would not justify defendant in wantonly injuring him, and such a plea would not be a bar to an action based on defendant's wanton negligence.

5. **Witnesses ⬩⟜236(2) — Question whether witness remembered time of accident held proper preliminary.**

In action for damages for injury at a railroad crossing, interrogating a witness as to whether he remembered the time of the accident that plaintiff had at R. on September 12th was a proper preliminary.

6. **Appeal and error ⬩⟜971(5)—Witnesses ⬩⟜240(2)—Court may in exercise of discretion permit leading and suggestive questions.**

The court in its sound discretion may permit a party calling a witness to propound leading and suggestive questions, and, if such discretion is not abused, it will not be placed in error.

7. **Evidence ⬩⟜492, 502—Question as to rate of speed of train at time of accident properly allowed, and witness may be cross-examined.**

In an action for damages for injury at a railroad crossing, witnesses who saw the train and automobile running at the time of the collision were properly questioned as to the rate of speed of either the train or automobile, and could testify whether it was running fast or slow or the number of miles per hour as it appeared to them, and the meaning of running slow or fast could be drawn out on cross-examination.

8. **Evidence ⬩⟜317(14) — Evidence of what doctor told witness next morning after accident held hearsay.**

In an action for damages for injury at a railroad crossing, where plaintiff's witness saw the collision, but did not know plaintiff was the person injured, refusing to permit defendant on cross-examination to ask him if the doctor told him next morning that plaintiff got hurt was not error; it being hearsay and the parties not present.

9. **Witnesses ⬩⟜280—Argumentative question properly disallowed.**

In an action for damages for injury at a railroad crossing where plaintiff's witness saw the collision, but did not know plaintiff was the person injured, it was not error to refuse defendant's argumentative question on cross-examination that, "after hearing plaintiff got hurt, you come up here and testify about seeing him get hurt."

10. **Evidence ⬩⟜314(1)—Sustaining objection to question calling for hearsay evidence not error.**

Sustaining objection to a question calling for hearsay evidence is not error.

---

⬩⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Trial ⊛=46(2) — Sustaining objection to question not shedding light on issue not error.**

Sustaining objection to question which could shed no light on the issue, and to where defendant did not show what he expected as an answer, and that it would be relevant, was not error.

**12. Damages ⊛=168(1)—Evidence of plaintiff's physical condition prior to accident held pertinent.**

In action for damages for injury at a railroad crossing, permitting proof of the physical condition or appearance of plaintiff as to health, strength, and weight prior to the collision, his injuries and the effect thereof, and his appearance thereafter by persons who knew, saw, and observed him, was not error.

**13. Railroads ⊛=347(6) — Evidence of surroundings at crossing held properly admitted.**

In an action for injury at a railroad crossing, evidence as to the surroundings at the crossing to the effect that the population is "quite large," and that public road in question is the "main thoroughfare," tends to show the size of the community at the crossing and its use by the public, and was admissible for the jury to consider if its use was so common and constant as to charge defendant's trainmen with notice thereof.

**14. Damages ⊛=174(1)—Condition of automobile after collision held relevant.**

In action for damages for injury to an automobile at a railroad crossing, the age, use, and condition of the car before the collision and its condition afterwards were relevant in considering the amount of damages.

**15. Appeal and error ⊛=237(2)—Party failing to move to exclude answer to question objected to cannot complain of evidence.**

Where no motion was made to exclude answers to questions objected to, the objecting party cannot complain of the evidence.

**16. Railroads ⊛=347(3) — Admission of evidence of condition automobile struck at crossing held not error.**

Where it appeared that plaintiff's automobile struck at crossing was in the same place and the same condition as shown by other witnesses who saw it immediately after the accident, it was not error to permit a witness who reached the crossing 30 minutes after collision to testify where the car was and its condition.

**17. Damages ⊛=172(1) — Evidence showing plaintiff's inability to work after injuries received held competent.**

In personal injury action, evidence tending to show that plaintiff was unable to work for two months or more after the collision on account of injuries, that he was a carpenter, the amount of wages he received when able to work, was competent as tending to show what he lost in wages when unable to work thereafter.

**18. Damages ⊛=91(3)—Compensatory and punitive damages recoverable under wanton count.**

Under a wanton negligence count, compensatory and punitive damages, or both, may, be recovered.

**19. Railroads ⊛=5½, New, vol. 6A Key-No. Series—Government not liable for punitive damages.**

The Director General of Railroads is not liable for punitive damages for the wanton acts of his agents while acting in the line and scope of their employment, but is liable for compensatory damages while so acting.

**20. Damages ⊛=157(1)—Refusing charges denying compensatory damages for wanton negligence held proper.**

In action against the Director General of Railroads for damages for injuries at a railroad crossing, where there was evidence that plaintiff sustained actual damages to his person and property, it was not error to refuse charges which denied a right to compensatory damages under a wanton count.

**21. Railroads ⊛=312(4)—Duty to keep lookout.**

At a populous public crossing in a city or thickly settled community where persons are known to be likely or probably crossing the track, it is the duty of trainmen to be on the lookout for persons when approaching the crossing.

**22. Trial ⊛=260(1)—Refusing charge covered by charges given not error.**

Refusing a charge covered by charges given is not error.

**23. Railroads ⊛=339(1)—Instruction on wanton negligence held incorrect.**

In action for injuries at crossing, where wanton negligence was alleged, it was not error to refuse a charge that, to constitute wanton negligence, an act done or omitted to be done must have been done or omitted with a present knowledge that injury would result; it being necessary only that the injury would likely or probably result.

**24. Trial ⊛=260(8)—Refusal of charge on wanton negligence covered by given charge not error.**

In view of Code 1907, § 5364, as amended by Gen. Acts 1915, p. 815, the refusal of a charge invoking the law on wanton negligence which was fully covered by charges given was not error.

**25. Railroads ⊛=351(23)—Trial ⊛=240, 244 (4), 253(9)—Refusal of charges which were misleading, argumentative, stressed evidence, and ignored evidence not error.**

In action for injuries at a railroad crossing, a charge that, if plaintiff was struck before the train crew knew of his approach, "you cannot look to any negligence charged in failing to stop the engine in determining the responsibility for the collision," was properly refused as misleading, argumentative, and invasive of the jury's province to consider all the evidence, and as singling out and stressing certain evidence.

---

⊛=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**26. Railroads ⬡⟿312(4)—Charges on lookout held incorrect.**

In action for injuries at a public crossing in a thickly settled community, instructions that the trainmen were not required to anticipate that plaintiff would be on the track at the said crossing when the engine arrived there, and had the right to presume that plaintiff would not be on the crossing, and to act on that presumption until the contrary appeared, were properly refused as not stating the law correctly.

**27. Trial ⬡⟿251(8)—Refusal of charge as to defendant's several pleas not error in view of only plea being general issue.**

In action for damages for injury at a crossing, where the only plea was that of the general issue, it was not error to refuse an instruction that, if any one of defendant's pleas had been proven, then to find for defendant.

**28. Railroads ⬡⟿301—Rights of public and company at crossing mutual.**

Notwithstanding that the rights of the public and of a railroad company to use public streets and public highways where they are crossed by a railroad track are mutual and reciprocal, and that trains on the railroad track have the right of way at the crossings, the railroad is not exempted from the duty to try to avoid collisions.

**29. Railroads ⬡⟿339(2)—Charge held properly refused as attempting to make contributory negligence answer to charge of wanton negligence.**

In action for injuries at a crossing, a charge that plaintiff cannot recover if he failed to yield the right of way to defendant's train, and his act in failing proximately contributed to such injuries, was properly refused as attempting to make contributory negligence answer a charge of defendant's wanton negligence.

**30. Railroads ⬡⟿339(2)—Charge barring recovery if both parties were guilty of wanton negligence held properly refused.**

In action for injuries at a crossing, it was not error to refuse a charge sought to bar plaintiff's right to recover if the jury believed from the evidence that both plaintiff and defendant were guilty of wanton negligence contributing to the injuries.

**31. Trial ⬡⟿194(17)—Refusal of charge invading jury's province not error.**

In action for damages for injuries at a crossing, where the jury had a right to consider certain facts with other evidence to determine whether defendant was guilty of wanton misconduct, it was not error to refuse a charge which stated, inter alia, that "plaintiff cannot recover on account thereof."

**32. Railroads ⬡⟿350(34)—Wanton negligence held for jury.**

In action for injuries at a crossing, where' there was evidence from which it could be reasonably inferred that the wanton conduct of defendant's employés while acting in the line and scope of their employment proximately caused the injuries, there was no error in denying defendant's general affirmative charge.

**33. Trial ⬡⟿143—General affirmative charge never given where evidence conflicts on material fact.**

The general affirmative charge should never be given where there is a conflict in the evidence on a material fact in issue.

**34. Appeal and error ⬡⟿301—Excessive verdict, not stated as ground in motion for new trial, not considered.**

Where the question as to the amount of a verdict being excessive was not stated as a ground in the motion for new trial, although argued in appellant's brief on appeal, it will not be considered.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action for damages by O. Smitherman against James C. Davis, as Director General of Railroads. Judgment for plaintiff, and defendant appeals. Affirmed.

The following charges were requested by defendant and refused by the trial court:

"O. The court charges you that, if you are reasonably satisfied from the evidence that the plaintiff was struck before the engine crew knew of his approach, you cannot look to any negligence charged in failing to stop the engine in determining the responsibility for the collision.

"P. The court charges you that, if you are reasonably satisfied from the evidence that the plaintiff was struck before the engine crew knew of his approach, you cannot look to any negligence charged in failing to stop the engine in determining the responsibility for the collision.

"Q. The agents of defendant that were in charge of and operating the locomotive in question had the right to presume that the plaintiff would not be on the crossing in question and to act on that presumption until the contrary appeared.

"R. The agents or servants of the defendant in charge of the locomotive or train in question were not required to anticipate that plaintiff would be on the track at said crossing when their engine arrived there.

"R-2. If you find from the evidence that any one of defendant's pleas have been proven to your reasonable satisfaction, then you must find for the defendant.

"S. Where a locomotive or train on a railroad track and a traveler on a dirt road come to a point where such railroad track and dirt road cross the locomotive or train has the superior right of way to pass over said crossing, and such traveler on such dirt road must yield to such superior right, and if he fails to do so, and his act in failing proximately contributes to injuries and damages received by him at such crossing, then he cannot recover therefor against the operator of the railroad and train or locomotive."

Tillman, Bradley & Baldwin, of Birmingham, and Huey & Welch, of Bessemer, for appellant.

Wantonness, when properly pleaded, is an answer to a count charging wanton conduct.

⬡⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Glass v. M. & C. R. Co., 94 Ala. 581, 10 South. 215; Georgia Pac. Ry. Co. v. Lee, 92 Ala. 262, 9 South. 230; Stringer v. A. M. R. Co., 99 Ala. 397, 13 South. 79; Payne v. Smitherman, 206 Ala. 591, 91 South. 575. Recovery cannot be had of the Director General for wanton conduct of defendant's servants. Ginn v. U. S. R. R. Adm'n, 114 S. C. 236, 103 S. E. 548; Rowell v. Hines, 114 S. C. 339, 103 S. E. 545; Massey v. Hines, 117 S. C. 1, 108 S E. 181; H. E. & W. T. Ry. v. Wilkerson (Tex. Civ. App.) 224 S. W. 574; Kansas City Southern Ry. v. Rogers, 146 Ark. 232, 225 S. W. 640; L. & N. R. Co. v. Rush, 208 Ala. 516, 94 South. 577. Knowledge, an actual consciousness, of danger and the possible and probable result of the act is essential to the making out of wantonness. Sou. Rwy. v. Stewart, 164 Ala. 171, 51 South. 324; L. & N. R. Co. v. Rush, supra. The right of a railroad train to cross where a dirt road and railroad intersect is superior to the right of a dirt road traveler. Weatherly v. N., C. & St. L., 166 Ala. 575, 51 South. 961.

Goodwyn & Ross, of Bessemer, for appellee.

Contributory negligence, or wanton contributory negligence, is no answer to a charge of wantonness. L. & N. R. Co. v. Orr, 121 Ala. 489, 26 South. 35. Those operating the locomotive did not have to actually know of plaintiff's peril before they were charged with a duty not to wantonly run the locomotive over the crossing at a dangerous rate of speed. L. & N. v. Williams, 183 Ala. 138, 62 South. 679, Ann. Cas. 1915D, 483; A. G. S. R. Co. v. Snodgrass, 201 Ala. 653, 79 South. 125; L. & N. R. Co. v. Johnson, 201 Ala. 611, 79 South. 43.

MILLER, J. O. Smitherman sues the defendant, appellant here, for damages to himself, his automobile, watch, and personal apparel, alleged to have been caused by the wanton conduct of appellant's agents or servants while acting in the line and scope of their employment in charge of one of appellant's locomotive engines. The injury occurred between 5 and 7 o'clock in the evening of December 12, 1918, at a point where the railroad operated by defendant crossed one of the public roads at Readers, near Bessemer, in Jefferson county.

The complaint as originally filed contained four counts, but the court in its oral charge eliminated counts 1, 2, and 4, and count 3 was submitted by the court to the jury under plea of general issue filed by defendant to it. The jury returned a verdict in favor of the plaintiff, and this appeal is from a judgment thereon by the court. This is the second appeal in this case. Payne v. Smitherman, 206 Ala. 591, 91 South. 575.

[1, 2] Count 3 is the same on this as on the former appeal, except it was amended by striking out John Barton Payne, Director General of Railroads, as Agent under section 206 of the Transportation Act of 1920, as party defendant, and inserting as sole party defendant in lieu of him James C. Davis, Director General of Railroads, as Agent under section 206 of the Transportation Act of 1920. This amendment was permissible, and authorized by sections 206a and 206d of the Transportation Act of 1920 (41 Stat. 461, 462). It was the same officer, the successor in office, and was not an entire change of party defendant. Payne v. Smitherman, 206 Ala. 591, 91 South. 575. This count was also amended by adding after the words "mental anguish" the following: "And his health and physical stamina have been greatly impaired." This count on former appeal was held sufficient as a wanton count. These amendments to it did not change its legal effect to make it demurrable, and the court did not err in overruling the demurrer assigned to it as amended. M. & C. R. Co. v. Martin, 117 Ala. 367, 23 South. 231; Payne v. Smitherman, 206 Ala. 591, headnote 1, 91 South. 575.

[3] The defendant filed 12 pleas to count 3; plea 1 being general issue. Demurrers to pleas 2, 3, 4, 6, 8, 9, 11, and 12 were sustained by the court. These pleas set up, or attempted to set up, facts constituting contributory negligence of the plaintiff in answer to count 3, which charged defendant with wanton negligence. A plea of contributory negligence is no answer to a count averring the wanton negligence of defendant caused the injury. A. G. S. R. R. Co. v. Frazier, 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; L. & N. R. R. Co. v. Markee, Adm'x, 103 Ala. 160, 169, 15 South. 511, 49 Am. St. Rep. 21; L. & N. R. R. Co. v. Watson, 90 Ala. 68, 8 South. 249. These pleas of contributory negligence were no answer to this wanton negligence count numbered 3, and the demurrers of plaintiff to each were properly sustained by the court.

[4] Pleas 5 and 10 attempt to or set up facts constituting wanton negligence of the plaintiff, which contributed to the injuries complained of in count 3. The wanton contributory negligence of the plaintiff would not justify the defendant in wantonly injuring him, and such a plea would be no bar to an action based on the wanton negligence of the defendant, as declared on in count 3. This was clearly declared by this court in L. & N. R. R. Co. v. Orr, 121 Ala. 489, headnote 6, 26 South. 35. See, also, L. & N. R. R. Co. v. Markee, 103 Ala. 161, 170, 15 South. 511, 49 Am. St. Rep. 21. The court properly sustained demurrers to pleas 5 and 10 to count 3.

[5, 6] Virgil Welch, witness for plaintiff, was asked the following question by plaintiff: "Do you remember the time of the accident that Mr. O. Smitherman had there at Readers on September 13, 1918?" This witness saw the collision, and the question was

a proper preliminary one. The defendant objected to the question because it was "leading and suggestive," which objection the court overruled. The court in its sound discretion may permit a party calling a witness to propound leading and suggestive questions, and, if the discretion is not abused, the court will not be placed in error. This discretion was not abused by the court in this instance. Section 4018, Code 1907; Cooper v. Slaughter, 175 Ala. 211, headnote 6, 57 South. 477.

[7] Questions were properly allowed by the court to be propounded to witnesses who saw the train and automobile running at the time of the collision as to the rate of speed of either. They could testify, if they knew, whether it was running fast or slow, or the number of miles per hour, as it appeared to them. True, running slow or fast are relative terms, but the meaning of the witness using them can be drawn out on cross-examination by the other party; such evidence in case of a collision is germane to the issue. Montgomery St. Ry. Co. v. Shanks, 139 Ala. 489, 37 South. 166; Birmingham Ry. v. Franscomb, 124 Ala. 621, 27 South. 508; Cedar Creek Store Co. v. Steaham, 187 Ala. 622, 65 South. 984; Kansas City, M. & B. R. Co. v. Crocker, 95 Ala. 412, 11 South. 262; Payne v. Roy, 206 Ala. 432, 90 South. 605, headnote 3.

[8-11] Plaintiff's witness Welch saw the collision, but did not know Smitherman, the plaintiff, was the person that was injured; and the next morning he saw Dr. Smith. The court would not permit defendant on cross-examination to ask Welch if "he [Dr. Smith] told you that Mr. Smitherman got hurt?" In this there was no error, as it was inadmissible. It was clearly hearsay testimony. The parties were not present during the conversation. 6 Michie, Dig. 257, § 228. The following question to this witness: "So after hearing Mr. Smitherman gets [got] hurt, you come up here and testify about seeing him get hurt, do you?"—was argumentative, and properly disallowed by the court. The question, "What was it Mr. Ezell came to see you about?" called for hearsay evidence, and the court did not err in sustaining objection of plaintiff to it. The witness testified he saw Mr. Ezell, and the question, Did Ezell come to see you?" could shed no light on the issue. The witness testified, "Mr. Ezell did not come to me and talk to me about the case." The defendant did not show the court what he expected as an answer to the question, and that it would be relevant to the issue in the case. The court did not err under the circumstances in sustaining objection to the question, "Did Ezell come to see you?" Autrey v. State, 190 Ala. 10-13, 67 South. 237; B. L. & P. Co. v. Barrett, 179 Ala. 274, 60 South. 262; 6 Michie, Dig. 257, § 228.

[12] The court did not err in permitting proof of the physical condition or appearance of plaintiff as to health, strength, and weight prior to the collision, his injuries in the collision and the effect of it on his consciousness, his appearance as to health, strength, and weight afterwards by persons who knew, saw, and observed him. L. & N. R. Co. v. Hayward, 201 Ala. 9, and authorities therein cited, headnote 2, 72 South. 22; Thornton v. State, 113 Ala. 43, headnote 1, 21 South. 356, 59 Am. Rep. 97.

[13] The injury occurred at a public crossing between 5 and 7 o'clock p. m. The following evidence as to the surroundings at this crossing at that time was properly allowed by the court to go to the jury:

"The population is quite large, but the buildings are not. * * * There are at least 300 houses, large office building, commissary, extensive works, and hospital surrounding the place. About 1,000 men worked there. * * * This public road which crosses the track is the main thoroughfare leading from Bessemer to Lacey's Chapel. * * * Somebody passing there constantly; there is something passing, some kind of a vehicle, passing there constantly. * * * Well, there is much traffic at that time [7 to 8 o'clock p. m.] across that point as at any other time, and it was noisy at that time there from the rock crushers, hoisting engines and compresses."

The meaning of the relative terms "quite large" and "main thoroughfare," as used by the witnesses, could be learned from them by proper cross-examination. This evidence tends to show the size of the community at the public crossing, and the use of it by the public, and it was admissible for the jury to consider if its use was so common and constant as to charge the operators of defendant's train with notice thereof. In A. G. S. R. R. Co. v. Arnold, 84 Ala. 168, 4 South. 364, 5 Am. St. Rep. 354, this court said:

"Precautionary requirements increase in the ratio that danger becomes more threatening."

See, also, A. G. S. R. R. Co. v. Snodgrass, 201 Ala. 653, 79 South. 125; Payne v. Roy, 206 Ala. 432, 90 South. 605; South. Ry. Co. v. Stewart, 179 Ala. 304, 60 South. 927; L. & N. R. R. Co. v. Johnson, 201 Ala. 611, 79 South. 43.

[14, 15] The car of plaintiff injured in the collision was a Ford, and damages for its injury were claimed in this third count. The court permitted a witness to testify, "I cannot remember just what the cash value was at that time [time of collision] of a new Ford car," and that the car of plaintiff's was practically a new car. The age, use, and condition of the car before the collision and its condition after the injury were relevant to go to the jury to be considered by them in determining the amount of damage done to it. The defendant objected to the questions calling for the above answers, but did not

move to exclude the answers. The defendant therefore has no just complaint to make to that evidence.

[16] A witness reached the crossing where the collision occurred about 30 minutes or three-quarters of an hour afterwards, and the court allowed him, over defendant's objection, to testify where the car was, that it was not at the crossing, but was about 159 feet from it on side of the track, and its condition. It clearly appears to have been in the same place and in the same condition from his testimony as was shown by other witnesses who saw it immediately after the accident. In this the court did not err.

[17] There was evidence tending to show that plaintiff was unable to work after the collision on account of the injuries for two months or more, that he was unable to work full time afterwards, and he was a carpenter, and also evidence showing the amount of wages he received when able to work. This was competent as tending to show what he lost by the injuries by wages when unable to work after the collision, which is claimed in the complaint.

There are 97 errors assigned in this case. All are insisted upon, but all are not argued by appellant. More than half are based on admission or rejection of evidence by the court over objection of the defendant. We have discussed all the material ones, and considered all the others, and find no error by the court therein on which the defendant can predicate reversible error. None of the charges are numbered or lettered. We will for identification number the given charges, and letter the refused charges.

[18, 19] Charges lettered by us A, B, and C were refused by the court. Under a wanton negligence count compensatory or punitive damage, or both, may be recovered in this state. Clinton Min. Co. v. Bradford, 200 Ala. 308, headnote 13, 76 South. 74; Payne v. Smitherman, 206 Ala. 591, 91 South. 575. The defendant, the Director General, is not liable for punitive damages for the wanton acts of his servants or agents while acting in the line and scope of their employment, but the defendant is liable for compensatory damages growing out of the wanton conduct of his servants while so acting, as averred in count 3. Mo. Pac. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087; Payne v. Smitherman, 206 Ala. 591, 91 South. 575.

[20] There was evidence that plaintiff sustained actual damages to his person and property. These charges denied him the right to recover under this wanton negligence count these compensatory damages, and the court did not err in refusing them. Mo. Pac. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087; Clinton Min. Co. v. Bradford, 200 Ala. 308, headnote 13, 76 South. 74; Payne v. Smitherman, 206 Ala. 591, 91 South. 575.

[21, 22] The court properly refused the fol-lowing written charge requested by the defendant:

"The court charges you that there is no duty on a railroad to keep a lookout on each side of a locomotive as it approaches a crossing."

This charge is misleading as it invades the province of the jury, and does not state the law correctly as applicable to the evidence in this case. However, the defendant cannot complain, as charge numbered 1 by us, given by the court, covers this refused charge. At a populous public crossing in a city or thickly settled community, where persons are known to be likely or probably crossing the track, it is the duty of the person operating and running the train to be on a lookout for persons when approaching the crossing. Duncan v. St. L. & S. F. R. R. Co., 152 Ala. 118, 44 South. 418; A. G. S. R. R. Co. v. Snodgrass, 201 Ala. 653, 79 South. 125.

[23] The following charge requested by defendant was refused by the court:

"To constitute wanton negligence, an act done or omitted to be done must have been done or omitted with a present knowledge that injury would result."

[24] This was correctly refused because of the words "that injury would result." It is only necessary that injury would likely or probably result. A. G. S. R. R. Co. v. Guest, 144 Ala. 373, headnote 4, 39 South. 654. The principle of law invoked by this refused charge was fully covered by given charges numbered by us 3, 4, and 5. Gen. Acts 1915, p. 815, amending section 5364, Code 1907.

[25] Refused charges lettered by us O and P were properly refused by the court. They were misleading, argumentative, invaded the province of the jury to consider all the evidence, and singled out and unduly stressed a certain part of the evidence.

[26, 27] Refused charges lettered by us Q and R did not state the law correctly. This was a public crossing in a thickly settled community, where persons are probably crossing, which was known to the servants of the defendant operating the train, and it was their duty to be on the lookout for persons when approaching the crossing, and not to presume that plaintiff or other persons would not be crossing the track. Duncan v. St. L. & S. F. R. Co., 152 Ala. 118, 44 South. 418; A. G. S. R. Co. v. Snodgrass, 201 Ala. 653, 79 South. 125. Charge lettered by us R–2 was properly refused by the court. There was only one plea, and it was the general issue to count 3.

[28, 29] Charge lettered S was properly refused by the court. The principle of law attempted to be declared by it was given in charge 5. This charge does not state the law correctly. It is true the rights of the public and of a railroad company to use the public streets and public highways, where they are crossed by a railroad track, are "mutual and

reciprocal," and the trains on the railroad track have the right of way at these public highway crossings; yet this does not "exempt the railroad from the duty to try to avoid collisions thereat.". Weatherly v. N. C. & St. L. R. Co., 166 Ala. 575, 51 South. 959. But this charge directs that plaintiff cannot recover if he failed to yield to this right of way of the defendant's train and his act in failing proximately contributed to his injuries. This attempts to make the contributory negligence of plaintiff answer a charge of wanton negligence of the defendant, and thereby bar plaintiff of the right to recover. This principle of law has been discussed in this opinion. L. & N. R. R. Co. v. Orr, 121 Ala. 489, headnote 6, 26 South. 35; L. & N. R. R. Co. v. Markee, 103 Ala. 160, 170, 15 South. 511, 49 Am. St. Rep. 21.

[30] Written charges requested by defendant, lettered by us D, E, F, G, H, I, and J were refused by the court. The defendant by these charges sought to bar the right of plaintiff to recover, if the jury believed from the evidence that plaintiff and defendant were both guilty of wanton negligence which proximately caused or contributed to the injuries complained of in the third count. The wanton contributory negligence of plaintiff is no answer or defense to a count charging wanton misconduct of the defendant as hereinbefore shown, and these charges were correctly refused by the court for that and probably other reasons not necessary to mention here. L. & N. R. R. Co. v. Orr, 121 Ala. 489, headnote 6, 26 South. 35; L. & N. R. R. Co. v. Markee, 103 Ala. 160, 170, 15 South. 511, 49 Am. St. Rep. 21.

[31] Charges lettered by us K, L, M, and N were in writing requested by the defendant, and were each refused by the court. Charge N was calculated to mislead the jury, and was properly refused by the court. It stated, "plaintiff cannot recover on account thereof," and the jury had the right to consider this with the other evidence to see if the defendant was guilty of wanton misconduct, and if plaintiff was entitled to recover. The principle of law attempted to be stated in charges K, L, and M was substantially, correctly, and fairly given to the jury in the court's oral charge and in given charge numbered 2 requested by defendant. Section 5364, Code 1907, amended Gen. Acts 1915, p. 815.

[32, 33] The general affirmative charges, with hypothesis in favor of the defendant, were properly refused by the court. There was evidence from which the jury could reasonably infer that the wanton conduct on the part of appellant's employés in charge of the locomotive, and while acting in the line and scope of their employment, proximately caused the injuries described in the complaint. The evidence was in conflict by positive proof or by reasonable inferences therefrom on this subject, which was a material fact in issue. The general affirmative charge should never be given when there is a conflict in the evidence on a material fact in issue. Birmingham South. R. R. Co. v. Harrison, 203 Ala. 284, headnote 6, 82 South. 534; McMillan v. Aiken, 205 Ala. 35, headnotes 9–11, 88 South. 135.

[34] It is argued in brief of appellant that the amount of the verdict is excessive, but we find no such ground stated in the motion for a new trial. We cannot say under this record that the court who heard the witnesses testify erred in refusing to grant the motion for a new trial.

The record is free from reversible error, and the judgment is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.