36 So.2d 89

### RAY v. RICHARDSON.
### 2 Div. 241.

Supreme Court of Alabama.
May 13, 1948.

Rehearing Denied June 24, 1948.

Ira D. Pruitt, of Livingston, for appellant.

Wilbur E. Dearman and Robt. P. Upchurch, both of Livingston, for appellee.

708

SIMPSON, Justice.

This is a tort action under the Homicide Act, Code 1940, Tit. 7, § 123, by the appellee, as administratrix of the estate of her deceased husband, against the appellant, a nonresident of Alabama.

The accident occurred in Sumter County, Alabama, on one of the arterial highways leading from Birmingham, Alabama, to Meridian, Mississippi, on the night of October 14, 1945, when the Chevrolet automobile in which the deceased was riding ran into the rear of the defendant's truck, allegedly parked or slowly moving on the highway without lights.

It was contended in the lower court and the argument is renewed here that the defendant was not properly served with process and that the motion to quash the service should have been granted. This brings into question § 199, Title 7, Code 1940, providing for substituted service upon nonresident motorists using the public highways of this state.

The effect of the statute is to substitute the secretary of state, or successor in office, as the nonresident's agent or attorney, on whom process may be served in such actions. The mode of service prescribed, pertinent here and accomplished on this nonresident defendant, is:

"Service of such process shall be made by leaving three copies of the summons and complaint * * * with the secretary of state of the State of Alabama, and such service shall be sufficient service upon such nonresident defendant; * * * provided, that the secretary of state of the State of Alabama, or his successor in office, may give such non-resident defendant notice of · such service * * * in the following · manner: By causing or having a notice of such service and a copy of the summons and complaint served upon such nonresident defendant * * * if such nonresident defendant is found without the State of Alabama, by a sheriff, deputy sheriff, or United States marshal, or deputy United States marshal, or any duly constituted public officer qualified to serve like process in the state of the jurisdiction where such nonresident defendant is found; and the officer's return showing such service, when

made, shall be filed in the office of the clerk of the court, or in the court wherein such action is pending, on or before the return day of the process, or within such further time as the court may .allow; * * *"

It appears that this section was duly complied with. The record discloses that process was duly executed by the sheriff of Montgomery County on the 11th day of January, 1947, by serving three copies of the summons and complaint on the secretary of state of Alabama and that thereafter by direction of the secretary of state a copy of the summons and complaint was duly executed by the sheriff of Lauderdale County, Mississippi, by his duly authorized deputy on the 20th day of February, 1947, and that the original summons and complaint, together with that officer's return thereon showing such service, was filed in the circuit court of Sumter County. While there are other certificates embraced in the record of no consequence, it appears from a recital of the foregoing that service of process under the statute was effectively executed on the defendant. The motion to quash the summons on that ground, therefore, was not well taken.

▆▆ The motion to quash also raised the point that the action sought a personal judgment against the defendant and that the statute did not authorize it. This insistence is likewise untenable. It is now settled law that the state, in view of its power to regulate the use of its highways by nonresidents, may declare that such use shall be treated as the equivalent of the appointment by him of a designated state official as his agent, on whom process may be served in suits growing out of accidents and collisions arising from such use, providing the statute contains a provision making it reasonably probable that notice of the pendency of such action will be communicated to the person sued. Doherty & Co. v. Goodman, 294 U.S. 623, 55 S.Ct. 553, 79 L.Ed. 1097; Young v. Masci, 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158, 88 A.L.R. 170; Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091. The Alabama statute makes such reasonable provision and is well within the ambit of approved statutes to this end. For other adjudicated cases reference may be had to Pawlaski v. Hess, 250 Mass. 22, 144 N.E. 760, 35 A.L.R. 945, 951; Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230, 1239; State ex rel. Cochran v. Lewis, 118 Fla. 536, 159 So. 792, 99 A.L.R. 123, 130.

▆ Counsel argues that a personal judgment is inhibited because § 209 of the same article provides that "service in the manner as hereinabove provided shall have all the force and effect of personal service * * * except that no personal judgment for the payment of money shall be rendered on such service against a defendant who is a nonresident * * *." The argument is that since § 199 is in the same article a personal judgment had on service under § 199 would thereby be forbidden. Such construction would nullify § 199 and defeat its clear purpose and, as recently pointed out in Touart, Tax Assessor, v. American Cyanamid Co., Ala., 35 So.2d 484,[1] "a literal interpretation will not be adopted when it would defeat the purpose of a statute, if any other reasonable construction can be given to the words."

It is to be further observed, on this precise question, that § 209 has been carried in the Codes of 1923 and 1940 and is a general provision as regards constructive service, whereas § 199 was enacted in 1935, General Acts 1935, p. 63, and was designed to be an exception to the general provisions then prevailing and is a special statute dealing with the specific question. Such statutes, in pari materia, will be construed together and each be given a field of operation (Hendon v. McCoy, 222 Ala. 515, 133 So. 295), and the special (§ 199) will control the instant rather than the general. Downing v. City of Russellville, 241 Ala. 494, 503(15), 3 So.2d 34; State v. Elliot, 246 Ala. 439(3), 21 So.2d 310.

▆ Process was executed on appellant February 20, 1947, and the case was tried April 10th following. The argument is advanced that the court abused its discretion in denying the defendant's motion for a continuance. Continuances are not favored by the courts and a large discretion

[1] Ante, p. 551.

710

is vested in the trial judge as to whether it should or should not be granted, and this court will not revise such ruling in the absence of a clear showing of abuse. Ex part Central Alabama Dry Goods Co., 238 Ala. 20, 189 So. 56; Ex parte Taylor, 247 Ala. 308, 24 So.2d 217. On the showing here made, we cannot affirm error in the ruling denying the motion for a continuance.

 Appellant contends that the demurrer to Count 1 should have been sustained for the failure to allege that the deceased, as a guest in the automobile, was himself exercising reasonable care as a prudent person would have done under like circumstances in order to avoid the injury or to prevent the driver of the automobile from taking undue risks in the premises. This is not the law. While a complaint is construed most strongly against the pleader, the court will not presume negligence on the part of the plaintiff nor need he allege matter of defense in charging negligence. Claude Jones & Son v. Lair, 245 Ala. 441, 17 So.2d 577; McCurry v. Gibson, 108 Ala. 451, 18 So. 806, 54 Am.St.Rep. 177.

The contention as to the same alleged defects in Counts 2 and 3 must also be resolved against appellant on the same principle.

 The demurrers to Counts 3 and 4 making the point that these counts were defective for not alleging that the cause of action arose in Sumter County were also properly overruled. "The general rule is that in a court of general and unlimited jurisdiction its authority to proceed as for want of jurisdiction need not appear in the complaint, but an absence of such is defensive." Phillips v. Ashworth, 220 Ala. 237, 124 So. 519, 521. It is not even necessary to plead facts showing the proper venue even in cases where the law requires the action to be prosecuted in the county where it arose or where the plaintiff resides. Tennessee Coal Iron & R. Co. v. Bridges, 144 Ala. 229, 39 So. 902, 113 Am.St.Rep. 35; Snyder Cigar & Tobacco Co. v. Stutts, 214 Ala. 132, 107 So. 73.

We do not consider the argument for error relating to the remaining counts of the complaint, since these counts were stricken and were not submitted to the jury.

 Letters of administration on the estate of the decedent were in the name of Margie K. Richardson, as administratrix, whom the proof showed was one and the same person as the appellee. This was obviously an amendable defect and did not warrant the giving for the defendant of the general affirmative charge on the ground that there was a variance between the allegata et probata. Other considerations aside, the rule is well established that as a predicate for a reversal on that ground, the same being curable by amendment, there must have been some special objection calling the variance to the court's attention. Request for the general affirmative charge is not enough. Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405; Crane Co. v. Davies, 30 Ala.App. 471, 8 So.2d 189; Circuit Court Practice Rule 34, Code 1940, Title 7, Appendix, p. 1035.

 The appellant also insists that certain of the plaintiff's given charges were erroneous as being abstract, argumentative, or misleading. Since these points are merely made arguendo, without specifying or particularizing the contended defects, we will not treat them separately. We will note, however, that the giving of an abstract, argumentative, or misleading charge is not of itself reversible error. Nashville Broom & Supply Co. v. Alabama Broom & Mattress Co., 211 Ala. 192, 100 So. 132; Coghill v. Kennedy, 119 Ala. 641, 24 So. 459; Perkerson v. Snodgrass, 85 Ala. 137, 4 So. 752. Without scrutinizing these charges in search for such defects, we perceive no injury to the defendant in such instructions having been given to the jury. The issues under the evidence were simple and were clearly presented by the other requested charges and the oral charge of the court and error cannot be predicated on the stated grounds. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

 The remaining insistence of error which we will treat is the contention of appellant, if we have correctly appraised it, that the evidence did not warrant the verdict, thereby necessitating the granting of the motion for a new trial. We also view this insistence as untenable. The evi-

dence was in conflict and the jury well could have inferred that the sole cause of the accident which proximately contributed to the death of the deceased was the absence of lights on the truck (the averred negligence of the defendant). The rule of review is that where the question of the right of recovery is fairly debatable and neither exclusively proved nor disproved, this court will not, as a rule, substitute its own judgment for that of the trier of facts at nisi prius or for the opinion of the trial judge thereon, who heard the witnesses testify. In such a case, after allowing all reasonable presumptions in favor of the correctness of the ruling of the trial court, if we cannot say that the verdict was so palpably against the evidence as to convince the court that it was wrong and unjust, we will not disturb the finding below. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738. On this question we have also said that, though the conclusion reached in the lower court might have been different from that of the reviewing court, there still would be no warrant to disturb the judgment unless so convinced. Forest Hill Corporation v. Latter & Blum, 249 Ala. 23, 29 So.2d 298; Birmingham Waterworks Co. v. Justice, 204 Ala. 547, 86 So. 389; Huckaba v. Hill, 209 Ala. 466, 96 So. 569; Southern R. Co. v. Smith, 221 Ala. 273, 128 So. 228; Winter & Loeb v. Judkins, 106 Ala. 259, 17 So. 627.

So considered, the ruling denying the new trial must be affirmed.

On a careful review of the entire record, in the light of the briefs and argument presented, we think the judgment should be affirmed and it is so ordered.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.