149 So.2d 276

**MARIGOLD COAL, INCORPORATED,**

v.

**Ruby W. THAMES.**

**6 Div. 530.**

Supreme Court of Alabama.
Nov. 29, 1962.

Rehearing Denied Feb. 7, 1963.

Wiggins & Wiggins, Jasper, for appellant.

Elliott & Jackson, Jasper, for appellee.

## PER CURIAM.

Plaintiff's complaint, containing five amended counts, two based on wanton conduct and three on negligence of the defendant (appellant here), claims of the defendant $5,000.00 in damages alleged to have been the proximate result of concussions from the use of explosives by defendant in blasting operations preparatory to strip mining of coal.

The complaint avers structural damages to plaintiff's dwelling house and garage; also marked decrease of water supply in her well to the point of inadequacy; and by amendment to the original counts it alleges that "plaintiff was frightened, caused to suffer mental anguish, and was annoyed and discomforted in the use and enjoyment of her property as a home of rest and quietude."

Defendant addressed a demurrer, with numerous and diverse grounds, to each count. The trial judge overruled the demurrers. Appellant here assigns error on such rulings. We will review only those grounds of demurrer which are adequately argued by appellant in its brief. Ala. Digest, Appeal and Error, ☞1078(3); Perkins Oil Company of Delaware v. Davis, 228 Ala. 190, 153 So. 417(2).

Appellant argues that the ground of demurrer which charges the complaint with vagueness, indefiniteness and incompleteness and fails to inform appellee with certainty as to what it is called on to defend, has merit. Our observation is that

this ground is too general, as is the ground that the complaint does not state a cause of action. The trial court will not be put in error on these grounds for its action in overruling the demurrer. Title 7, Section 236, Code of Alabama, 1940, as Recompiled in 1958; Bright v. Wynn, 210 Ala. 194, 97 So. 689(2).

■ Ground 3 of the demurrer, included in appellant's argument, asserts that "the complaint as amended and the counts therein constitute two separate causes of action under claim for damages to real property and a claim for damages to the person of the plaintiff." This ground in our opinion is without legal efficacy. Ritter v. Gibson, 217 Ala. 304, 116 So. 158(10). This case approved a complaint which alleged that plaintiff's mule was killed and he suffered personal injuries in a collision with an automobile. The allegations were in one count.

■■ Ground C of the demurrer asserts that the complaint and each count fail to set forth any facts and things constituting wanton or willful conduct on the part of the defendant. This ground lacks certainty and specificity, and for this reason is vulnerably deficient. Bright v. Wynn, supra. Likewise, this authority condemns Grounds A, B, C and D. The latter ground challenges the complaint, "for that said count fails to show or aver any facts, showing the mode, manner, means or agency, by which the plaintiff suffered any injuries to property or person of plaintiff." Assuming this latter ground is certain and specific, we think that the complaint meets this challenge. It alleges that the damages proximately resulted following concussions from the explosions of dynamite and other explosives in alleged mining operations.

■ Other grounds of demurrer were either inadequately argued in appellant's brief or were waived by no argument at all. Perkins Oil Company of Delaware v. Davis, supra. This court is under no duty to cast about in the brief in an effort, possibly futile, to ascertain the grounds of demurrer to which the argument is addressed. We are inclined to believe that appellant argued with seriousness and certainty all the grounds of demurrer which it concluded had merit.

■■ We find no error in the trial court permitting plaintiff's witness, Ray McLendon, after qualifying as an expert in coal mining with the use of explosives —dynamite and ammonium nitrate—, to testify over the objection of defendant, that in his judgment the blasting done by the defendant, as alleged in the complaint, was heavier than reasonably necessary to remove the rock and dirt "down there." No ground that this witness had not qualified as an expert in the use of dynamite and ammonium nitrate in strip mining appears in the objection. This court, in reviewing rulings on evidence, will consider only the grounds of objection which were assigned. Bates v. Bank of Moulton, 226 Ala. 679, 148 So. 150(2). This witness had previously testified that he was familiar with the place where defendant was blasting between February 24, 1958, and February 24, 1959; that he was at home when the blasts would go off and that they were heavy. It is our opinion that the objection on the grounds argued was properly overruled.

Assignment of error 44 is addressed to the adverse ruling by the trial court to defendant's objection to plaintiff's question to the witness McLendon: "State whether or not the dirt and rock in this strip mining operation could have been removed with less heavy shots than the blasting done by the defendant corporation, judging by what you know about this operation and the jars and vibrations you experienced that took place?"

■ This witness had previously testified, as shown in the preceding paragraph, to his familiarity with the blasting and the location and had qualified as an expert in the use of dynamite and ammonium nitrate in strip mining. The weight of his testimony in the light of

his experience and his knowledge of the operations by the defendant at the time and place at issue was for the jury. In the case of Harbison-Walker Refractories Co. v. Scott, 185 Ala. 641, 64 So. 547, the following question was asked and held proper over the objection of defendant: "I will ask you to state whether or not, in your judgment, the blasting that was done by defendant * * * was reasonably necessary to remove solid rock?" Also the following question in the same case to the same witness was held proper: "I will ask you to state if solid rock can be successfully removed with less severe blast than the blasting of this defendant, judging from what you saw, and the jar and vibrations you experienced?" The objection of defendant here was properly overruled.

■ We do not think that a second question, "Mr. McLendon, if the blasts that occurred during the year we have been talking about were set off in this strip pit jarred windows out of houses around it, shook houses and cracked foundations and chimneys around it, whether or not that would be an indication in your opinion that the charge was excessive?" and, also, a third question to the same witness, "I will ask you further if what you have just testified about, if that was not an indication that the blasting was improperly done?", violated any of the grounds of objection which defendant assigned to the questions.

■ A ground of objection to which we should address judicial observations was that the above questions called for unauthorized conclusions. This witness, in the opinion of the trial judge, had qualified as an expert in this particular field of operation by the defendant. This court has held that an expert witness, qualified to that end, may give his opinion as to the safety or danger of a place, or an appliance, when the issue is involved on the trial. Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 So. 604, 607(11). Ad-

mission of such evidence is limited by the rule that an expert witness may not testify to a matter of common knowledge. Alabama Great Southern Railroad Company v. Bishop, 265 Ala. 118, 89 So.2d 738(11), 64 A.L.R.2d 1190. We do not think the evidence of this witness in giving his opinion in response to these questions was subject to this limitation. Therefore, the answers did not invade the province of the jury.

■ Appellant complains under Assignment of Error 39 that the trial court erred to reverse in permitting plaintiff's witness to testify, over his objection, that the reasonable cash market value of plaintiff's well immediately before it went dry on February 24, 1958, was $160.00. The objection was that the question called for an answer that was incompetent, irrelevant, immaterial and illegal, and was not the proper way to prove damages. Damages to the well was claimed in the complaint. The objection was properly overruled. Arrick v. Fanning, 35 Ala.App. 409, 47 So.2d 708 (10).

■ The report of the mine inspector for the State of Alabama, who had testified that he only checked defendant's method of handling, transporting and storing explosives, and that he didn't observe any explosion on the surface of the ground, was not material or relevant to the issues before the court and was properly excluded. Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216, 217(1).

■ ■ We hold the exception taken by appellant to the trial court's oral charge to the jury that if they should find the defendant guilty of wanton conduct under counts 1 and 2 of the complaint, they could, in addition to actual or compensatory damages, assess a fine or penalty against the defendant, is without merit. The excerpt of the charge to which exception was taken correctly states the prerogative of the jury. The evidence adduced and admitted made an

issue of fact for the jury to decide as to the existence vel non of wantonness as alleged in the complaint. We will delineate some of the evidence later in this opinion. Damages awarded for such conduct, in addition to compensatory or nominal damages, are punitive and imposed as a punishment. Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74(11–15); Birmingham Ry., Light & Power Co. v. Murphy, 2 Ala.App. 588, 56 So. 817(2); Payne v. Smitherman, 206 Ala. 591, 91 So. 575(3); Davis v. Smitherman, 209 Ala. 244, 96 So. 208(18–19).

■ Assignment of Error 63 charges the trial court with error in giving plaintiff's written charge 6 as follows: "The court charges the jury that if they are reasonably satisfied from the evidence that the defendant had knowledge that the plaintiff or her property was likely to be in a position of danger and with conscious disregard of such known danger, defendant recklessly proceeded on a dangerous course and caused disaster and resulted in injury to plaintiff or her property, then this is a wanton injury and *you must find a verdict for the plaintiff.*" (Emphasis supplied.)

■ An identical charge was approved by this court in the case of Dean v. Adams, 249 Ala. 319, 30 So.2d 903(2). In this case, Dean v. Adams, supra, no judicial observations were addressed to the mandatory phrase that the jury "must find a verdict for the plaintiff." This mandate contains no instructions that punitive damages must be awarded. If so, it would have had direct impact with the decisions of this court that punitive damages are not recoverable as a matter of right. First Nat. Bank of Huntsville v. Stewart, 204 Ala. 199, 85 So. 529(1), 13 A.L.R. 302. This mandatory direction is predicated on the jury being reasonably satisfied that the plaintiff suffered injury to his person or property as a result of the conduct delineated in the charge. Actual and compensatory damages are recoverable under a wanton count. Payne v. Smitherman, 206 Ala. 591, 91 So. 575(3), supra.

This charge 6 probably was misleading here in a manner that could have been corrected by an explanatory written charge given at the request of appellant. No such charge was asked and refused. Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642(6); Ray v. Richardson, 250 Ala. 705, 36 So.2d 89(14).

■ Appellant asserts prejudicial error in giving to the jury plaintiff's written charge 7 as follows:

"The court charges the Jury that if the jury believes from the evidence that the defendant was so grossly negligent as to (* * *) an entire want of care and to create the presumption in a reasonable mind, that being cognizant of the probable consequences of its negligence to plaintiff or to her property, it was indifferent to it; then such vindictive damages may be found as, in the enlightened conscience of the Jury, are right."

This charge is elliptical in that it omits a word following the preposition "to" and before the adjective "an." The omission, judging from the context, seems to be the word "show." We think the jury with reasonable effort could have supplied the missing word.

■ If the jury, after reasonable effort, could not supply the word, a just criticism is that the charge was misleading or confusing. The giving of such a charge does not constitute reversible error. Mahone v. Birmingham Electric Co., 261 Ala. 132, 73 So.2d 378(1); Supreme Court Rule 45, Code of Alabama, 1940. The trial court gave a clear and comprehensive oral charge on the law undertaken to be shown by this elliptical charge. This oral charge was reasonably calculated to dissipate any confusion arising in the minds of the jury that was referable to the omission. Under such circumstances error to reverse will not be

charged to the trial court. Ray v. Richardson, 250 Ala. 705, 36 So.2d 89(15), supra. A written charge predicated on belief of the jury from the evidence is not error. Conway v. Robinson, 216 Ala. 495, 113 So. 531(13).

Plaintiff adduced evidence that some of the injuries to the property were permanent so as to preclude prejudicial error on the part of the court in giving charge 11. An almost identical charge was approved by this court in the case of Lehigh Portland Cement Company v. Donaldson, 231 Ala. 242, 164 So. 97(5).

■ A fair inference from the evidence in this cause is that the remark of plaintiff's counsel in his argument to the jury that "Mr. Lee could have come in here and told you that they didn't do this, but he is not here," referred to Mr. C. A. Lee, President of defendant. An exception to the remark of counsel was overruled by the trial court and this ruling is assigned as error. We concur in the trial court's ruling.

Mr. Leon Thames, husband of plaintiff, testified for plaintiff that he went to see Mr. C. A. Lee about the blasting operations; that he told Mr. Lee they were shaking his house and damaging his property; that he told "us" that it was going to get worse, because he was going to get closer. Witness further testified that it did get worse. This witness also testified that he talked with Mr. Winnie Drummond, a pit foreman at the time for defendant. Mr. Drummond, according to this witness, said that he had orders from Mr. C. A. Lee. This statement was in response to plaintiff's inquiry if it was necessary for him to shoot "that heavy over there."

This argument, in our opinion, was not improper or alien to right of counsel to comment on the absence of Mr. Lee as a witness for defendant. Mr. Lee was, according to the testimony of another witness, President of defendant corporation. He was not, therefore, equally available and under the legal control of plaintiff. Ref-utation of the evidence concerning the conversation of Mr. Thames with Mr. Lee was peculiarly within the knowledge of Mr. Lee, and if it didn't take place, Mr. Lee was available to deny it. If the plaintiff had put Mr. Lee on the stand as her witness and elicited a denial of the alleged conversation, she would have been offering both affirmative and negative evidence of an asserted fact.

This court speaking through Chief Justice Stone, in Carter v. Chambers, 79 Ala. 223(6), at page 231, observed as follows:

"* * * There is a rule, and a just one, that if a party has a witness possessing peculiar knowledge of the transaction, and supposed to be favorable to him, and fails to produce such witness when he has the means of doing so, this, in the absence of all explanation, is ground of suspicion against him that such better informed testimony would make against him. (Cases cited) * * *"

"* * * It is certainly a maxim that all evidence is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other to have contradicted. * * *" Lord Mansfield in Blatch v. Archer, Cowper Rep., Vol. 1, p. '63.'

"In proportion as it is to the interest of the party to submit the evidence of an available witness, the jury are entitled to infer from his neglecting to do so that his evidence, if produced, would not be favorable to the party." 2 Chambers Mod. Evidence, § 1075.

For an extended discussion of comments before the jury on failure of an opposite party to produce a witness, see Waller v. State, 242 Ala. 90, 4 So.2d 917(5).

## MOTION FOR A NEW TRIAL

While it would be informative to delineate in detail the evidence adduced by both parties which was calculated to enlighten

the jury on the factual issues in this case, such prolongated parade of testimony would burden this opinion beyond reasonable proportions. We will briefly refer · to the tendencies of the evidence.

Plaintiff's evidence tended to show that the home and garage, during this period of one year, suffered structural damage in the form of cracked walls, falling mortar, sagging doors, loosening of the ceiling on the back porch, "wrinkling" of the wall paper in the living room, "busting" of the eave of the house, and sagging floors. Plaintiff testified that during a heavy blast she was seated near a window of the house and six panes fell from the window near her, and that the house jerked. Also, there was testimony that there was a crack in the middle of a block in the garage building. Pictorial evidence of the condition of the home and garage was introduced in evidence. This structural impairment developed, according to plaintiff's evidence, during the period of the blasting between February 24, 1958, and February 24, 1959.

Plaintiff also offered witnesses whose testimony tended to show marked decrease of water supply in her well during this period of blasting operations. There was also some testimony that the blasting continued to get heavier and closer to plaintiff's home which was located from one-quarter to one-half mile from the scene of the blasting. Testimony was offered as to the physical impact of the blasting on other houses in the neighboring area. Mrs. Thames testified that she was frequently awakened at night by the blasting.

The defendant introduced witnesses, both non-expert and expert, as to the reasonableness of its blasting at the time and in disproof of plaintiff's evidence that the blasting was unreasonably excessive. Also, it offered testimony which tended to show that the blasting did not cause the structural impairment of plaintiff's property and diminishment of her supply of water in the well.

While we are impressed by the defensive evidence that was offered, we can't say as a matter of fact or law that the jury went beyond its prerogative in awarding damages to the plaintiff. The jury saw the witnesses, heard the tone of their voices, observed their demeanor while testifying, and were in much better position than this court to evaluate the evidence, reconcile the conflicts, and select the false from the true. We are not permitted, under the law, to substitute our opinion, based as it is on transcription, for that of the jury.

A verdict supported by competent evidence, as here, will not be set aside because the appellate court might have reached a different conclusion. Southern Ry. Co. v. Smith, 221 Ala. 273, 128 So. 228(12). Verdicts are presumed to be correct and no ground of a new trial is more carefully scrutinized and rigidly limited, than that the verdict is against the evidence. Smith v. Smith, 254 Ala. 404, 48 So.2d 546(6). Where the presiding judge refused to grant a new trial, presumption in favor of the verdict is strengthened. Smith v. Smith, supra, (7).

Finding no prejudicial error in the record before us, the judgment of the trial court is affirmed. ·

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, MERRILL and COLEMAN, JJ., concur.