I concur, but I write specially to explain more fully my understanding of the Legislature's recent amendment to Ala. Code 1975, § 6-3-7, which governs the venue of actions against corporations.
 Statutory Provisions
Until it was amended in 1999, § 6-3-7 provided that venue in a non-personal-injury action against a foreign or domestic corporation was proper in any county where the corporation did business by agent.[3]
Rule 82(c), Ala.R.Civ.P., allowed the joinder of additional plaintiffs, regardless of whether venue was proper as to the claims of those additional plaintiffs, provided that venue was proper as to the claims of the original plaintiffs.[4] *Page 537 
In 1999, the Legislature amended § 6-3-7[5] to provide that, "[a]nything to the contrary in Rule 82(c) of the Alabama Rules of Civil Procedure notwithstanding, in any action against a corporation, venue must be proper as to each and every named plaintiff."[6] §6-3-7(c), Ala. Code 1975. The Legislature further provided: "If venue is improper for any plaintiff joined in the action, then the claim of any such plaintiff shall be severed and transferred to a court where venue is proper." If, however, that plaintiff proves certain conditions set out in § 6-3-7(c), then the trial court is not required to sever and transfer the claims.[7]
 Burdens of Pleading and Proof
This Court has long held that a plaintiff does not bear the burden of pleading facts to establish the propriety of venue. See Ray v.Richardson, 250 Ala. 705, 710, 36 So.2d 89, 92 (1948) ("It is not even necessary to plead facts showing the proper venue even in cases where the law *Page 538 
requires the action to be prosecuted in the county where it arose or where the plaintiff resides.").[8] Instead, the party who believes that venue is improper bears the burden of pleading improper venue. See Rule 12(b), Ala.R.Civ.P.; see also 1 Champ Lyons, Jr., Alabama Rules of CivilProcedure Annotated § 12.4 (3d ed. 1996).
Once the party challenging venue has met the burden of pleading improper venue, he then has the burden of proving that venue is improper. See Ex parte Wiginton, 743 So.2d 1071, 1074 (Ala. 1999) ("The burden of proof on factual issues in a venue dispute is upon the party or parties challenging venue in the forum."); see also Ex parte City ofFayette, 611 So.2d 1032, 1033 (Ala. 1992) ("The burden of proving improper venue is on the party raising the issue, and on review of an order transferring or refusing to transfer a case, a writ of mandamus will not be issued except upon a clear showing of error on the part of the trial judge.").
The Legislature's amendment to § 6-3-7 does not alter any of this Court's well-settled rules regarding the burdens of pleading and proof of improper venue. Those burdens remain on the party challenging venue. If a challenger meets both burdens, proving that venue is improper as to some plaintiffs (but not as to all plaintiffs), then the court must sever and transfer the claims as to those plaintiffs as to whom venue is improper. The amendment, however, grants those plaintiffs the opportunity to plead and to prove that the § 6-3-7(c) conditions triggering the exception to the sever-and-transfer provision apply. If they fail to plead and to prove those conditions, then the trial court has no choice but to sever the claims as to those parties and to transfer them to a county where venue is proper.
 Application to This Case
WestPoint Stevens bore the burdens of pleading and proving improper venue. Under § 6-3-7(a)(3), Ala. Code 1975, venue is proper in the county of the plaintiff's residence, provided that the defendant corporation does business by agent in that county. As the main opinion points out, all but one of the plaintiffs are residents of Macon County and the remaining plaintiff is a resident of Tallapoosa County.
From the materials before this Court, it appears that WestPoint Stevens neither argued nor proved that it did not do business by agent in Macon County. Thus, because WestPoint Stevens bore the burden of proving that venue in Macon County was not proper as to the Macon County residents and because it did not prove that it did not do business by agent in Macon County, the trial court abused its discretion when it transferred to Lee County the claims of the plaintiffs who resided in Macon County.
WestPoint Stevens did, however, submit evidence, which was undisputed, that one plaintiff lives in Tallapoosa County and that, therefore, under the provisions of and § 6-3-7(a)(3), venue in Macon County is improper as to that plaintiff. Thus, the burden fell on the plaintiffs to plead and prove that the § 6-3-7(c) conditions were met to allow the court to deny severance. The main opinion states, and I agree, that the plaintiffs met their burden of pleading and proving the exception-triggering conditions of § 6-3-7(c); therefore, I agree with the main opinion that the claims of the Tallapoosa County plaintiff should not be severed and transferred. *Page 539 
I agree that the trial court abused its discretion in transferring the plaintiffs' claims to Lee County, and I agree that the writ of mandamus should issue.
[3] The pre-amendment version of § 6-3-7 provided:
 "A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
[4] Rule 82(c), Ala.R.Civ.P., provides:
 "(c) Venue Where Claim or Parties Joined. Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22, and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties."
[5] See Act No. 99-249, Ala. Acts 1999 (Reg Sess.).
[6] When the Supreme Court promulgated the Alabama Rules of Civil Procedure, many considered the adoption and amendment of those rules to be solely within the province of the Court. See 1 Champ Lyons, Jr.,Alabama Rules of Civil Procedure Annotated § 1.5 (3d ed. 1996). However, Amend. No. 328, Ala. Const. 1901 (the subsequently adopted Judicial Article), explicitly granted the Legislature the authority to "change a rule by statute of general application." Lyons, supra.
[7] Section 6-3-7, as amended, reads in pertinent part:
 "(a) All civil actions against corporations may be brought in any of the following counties:
 "(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the real property that is the subject of the action is situated; or
 "(2) In the county of the corporation's principal office in this state; or
 "(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence; or
 "(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.
". . . .
 "(c) Anything to the contrary in Rule 82(c) of the Alabama Rules of Civil Procedure notwithstanding, in any action against a corporation, venue must be proper as to each and every named plaintiff joined in the action, unless the plaintiffs shall establish that they assert any right to relief jointly, severally, or arising out of the same transaction or occurrence and that the existence of a substantial number of questions of law or material fact common to all those persons not only will arise in the action, but also: (1) that such questions will predominate over individualized questions pertaining to each plaintiff; (2) the action can be maintained more efficiently and economically for all parties than if prosecuted separately; and (3) that the interest of justice supports the joinder of the parties as plaintiffs in one action. If venue is improper for any plaintiff joined in the action, then the claim of any such plaintiff shall be severed and transferred to a court where venue is proper. In the event severance and transfer is mandated and venue is appropriate in more than one court, a defendant sued alone or multiple defendants, by unanimous agreement, shall have the right to select such other court to which the action shall be transferred and, where there are multiple defendants who are unable to agree upon a transferee court, the court in which the action was originally filed may transfer the action to any such other court. Transfer of the action and notice thereof shall be in accord with Section 6-3-22."
(Emphasis added.)
[8] The Alabama Rules of Civil Procedure, unlike the Federal Rules of Civil Procedure, do not require the plaintiff to plead facts establishing the jurisdiction of the trial court. See 1 Champ Lyons, Jr., AlabamaRules of Civil Procedure Annotated § 8.11 3d 1996).